David L. McDERMOTT, Appellant,

v.

Mel CARNAHAN, et al., Respondents.

No. 79035.

Supreme Court of Missouri,
En Banc.

Nov. 19, 1996.

Rehearing Denied Dec. 17, 1996.

---

**9.** Op. at 282.

**10.** *Frogge,* 453 S.W.2d at 915.

David L. McDermott, Moberly, Pro Se.

Jeremiah W. (Jay) Nixon, Attorney General, John Simon, Assistant Attorney General, Jefferson City, for Respondent.

PER CURIAM

Appellant, David L. McDermott, appeals, *pro se*, from the denial of his request for declaratory relief concerning the execution of his criminal sentence entered pursuant to a guilty plea in St. Louis County. The case is before this Court on transfer from the Court of Appeals, Western District. We affirm the judgment of the trial court.[1]

In June 1991, appellant entered into a plea agreement in which he pled guilty to armed criminal action, burglary in the first degree, robbery in the second degree, and attempted stealing of over $150 by coercion. He was sentenced to terms of 25, 15, 15 and 5 years respectively, all terms to run concurrently. He did not file a Rule 24.035 motion.

After serving approximately 4 years of his sentence, appellant, who is incarcerated in Cole County, filed an 8-count petition for declaratory judgment. The primary basis of his petition was his assertion that § 571.015.1, RSMo 1994, made him eligible for parole after 3 years. Based on this statute, he claims he was entitled to a parole hearing immediately upon serving three years of his sentence and that none was granted. The trial court denied relief and this appeal followed. Of the eight counts that appellant pressed at the trial level, he now concedes that Counts II, VI, and VII should have been dismissed by the trial court *sua sponte* for lack of jurisdiction and that

---

1. Parts of this opinion are taken from the opinion authored by Judge Edwin H. Smith of the Missouri Court of Appeals, Western District, prior to transfer to this Court.

the trial court erred in dismissing these counts on their merits. In any event, appellant does not now wish to proceed on these counts, and therefore, we will address only the remaining five counts.

■ Under the standard of review in declaratory judgment cases, we will affirm the decision of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This Court is concerned primarily with reaching a correct result, and thus we do not need to agree with the reasoning of the trial court in order to affirm the result. *Graue v. Missouri Property Ins. Placement Facility,* 847 S.W.2d 779, 782 (Mo. banc 1993).

The trial court held that all of appellant's claims should have been raised in a Rule 24.035 motion. Rule 24.035(a) states:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated....

Because appellant failed to file a Rule 24.035 motion, the trial court evaluated the claims under the standard of manifest injustice pursuant to *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993).

It is appellant's position that the manifest injustice standard was inapplicable because his claims need not have been brought in a Rule 24.035 motion. Count I of appellant's petition requested the trial court to declare that appellant had the right to an immediate parole hearing pursuant to § 571.015.1., part of the armed criminal action statute. Appellant asserts that a request for a declaration of his right to parole is neither an attack on his sentence nor on his conviction.

As stated in *Wood v. State,* 853 S.W.2d 369, 370 (Mo.App.1993), "Rule 24.035 allows only challenges to the validity of judgments of conviction or sentences, and then only on specified grounds." In *Wood,* the court held that a challenge to the effectiveness of counsel at a probation hearing was not cognizable in a Rule 24.035 motion, and instead, that the challenge was "to the legality of movant's commitment to the department of corrections." *Id. Wood* is analogous to the present case. Appellant is asking for an interpretation of part of a statute governing his eligibility for parole, not challenging his sentence or his conviction.

■ We hold that the trial court erroneously applied the law in ruling that appellant should have raised his Count I claim in a Rule 24.035 motion. A declaratory judgment action to determine when he is eligible for parole under the statutes and applicable regulations is not an attack on the validity of his sentence or conviction. Therefore, appellant properly brought a declaratory judgment action in Count I, and the manifest injustice standard is not the proper standard to apply to that claim.

■ Though we disagree with the trial court's decision to apply the manifest injustice standard, we nevertheless affirm the denial of relief. In his petition, appellant relies on the language of § 571.015.1, which states in part: "No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years." He interprets this statute to grant him the right, immediately upon serving three years of his sentence, to a parole hearing. This interpretation is erroneous.

■ We must give effect to statutes as they are written, *State v. Ewanchen,* 799 S.W.2d 607, 609 (Mo. banc 1990), and we look to the plain language of the statute in order to give it effect. § 1.090, RSMo 1994. Sec-

tion 571.015.1 is written in the prohibitive sense and not as a grant of a right. Under this statute, appellant is precluded from receiving a parole hearing in the first three years of his sentence. It does not give him a vested right to a parole hearing immediately upon serving three years of his sentence. For the statute to say what appellant wants it to say, it should state, "[a] person . . . shall be eligible for parole . . . upon serving three calendar years of his sentence." Instead, the statute states, "[n]o person . . . shall be eligible for parole . . . for a period of three calendar years." These two versions have different meanings. Even construing the statute liberally in favor of the accused, we cannot extend the statute beyond its proper limits. *State v. Patterson*, 534 S.W.2d 847, 849 (Mo.App.1976). We hold that § 571.015.1 does not grant appellant the right to a parole hearing or make him eligible for parole upon serving the first three years of his sentence.

In Count IV, appellant requested declaratory judgment and money damages against all defendants on the basis of a perceived right to parole eligibility under a different statute, § 217.690.4, RSMo 1994. For the reasons stated above under our discussion of Count I, we hold that the trial court should not have denied relief based on the manifest injustice standard because appellant is attacking neither his sentence nor his conviction. *Wood*, 853 S.W.2d at 370. However, we affirm the result on different reasoning.

■ Section 217.690.4 states:

When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences. . . .

Appellant asserted in his petition that "[t]hough the statute specifies 'consecutive' sentences, the statute naturally implies the same substantive procedure for plaintiff's 'concurrent' sentences." As we understand this alternative theory, appellant contends that by serving three years on the armed criminal action sentence he will have served the "minimum term" for parole eligibility and is therefore entitled to a parole hearing.  ·

This statute is of no assistance to appellant. Section 1.090 states that "technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." "Consecutive sentences" is a technical phrase with a particular meaning, and we cannot construe this statute to have any bearing whatsoever in determining parole eligibility when concurrent sentences are involved. Moreover, this argument depends upon appellant's earlier position that § 571.015.1 makes him eligible for parole after three years, and as explained above, that interpretation of the statute is erroneous.

In Counts III and V, appellant alleged that certain parole regulations promulgated by the Missouri Board of Probation and Parole were unconstitutional because they delayed his parole eligibility beyond the three-year period which he believed he had a liberty interest in because of § 571.015.1. As in our discussion of the preceding counts, we find that the trial court erred in applying the manifest injustice standard to these counts because they were attacking parole eligibility and not his sentence. However, we affirm the denial of relief because both counts depend on appellant's false theory that § 571.015.1 granted him parole eligibility.

■ Finally, we determine that Count VIII, unlike the other counts, is indeed a collateral attack against his sentence because appellant asked that his sentence be vacated and that he be resentenced according to the expectations of parole eligibility he had when accepting the plea agreement. A request to have his sentence vacated is an attack against his sentence and could have been raised in a Rule 24.035 motion. Because the claim was not raised in a Rule 24.035 motion, appellant is entitled to relief only where manifest injustice would otherwise result. *See State ex rel. Simmons v. White*, 866 S.W.2d at 446.

■ Under the manifest injustice standard, or even under the *Murphy v. Carron* standard, 536 S.W.2d at 32, appellant cannot prevail. Essentially, Count VIII consists of yet another variation of the three-year parole eligibility argument. Appellant contends

that in pleading guilty, he relied on the expectation of parole eligibility after serving three years, that his expectations were "certainly reasonable," and that the Board of Probation and Parole breached the prosecutor's plea agreement in enforcing an erroneous construction of the statute. Once again, appellant's contentions depend upon the perceived existence of a right to a parole hearing after three years. It is appellant, rather than the Board, who has misconstrued the statute, and the dismissal was therefore proper.

The judgment is affirmed.

All concur.