**David L. McDERMOTT, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,**
**Respondents.**

**No. SC 83588.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 2001.

---

David L. McDermott, pro se, Jefferson City.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondents.

PER CURIAM.

McDermott pleaded guilty in 1991 to multiple offenses, including armed criminal action. In August 2000, he filed this action seeking a declaratory judgment and injunctive relief. In 20 counts, McDermott's petition challenged his 1998 parole hearing, his guilty plea, the validity of section 571.015,[1] the validity of Senate Bill No. 60 passed in 1977, the process of challenging a parole denial, and the 2000 decision to deny him parole. The trial court sustained the board of probation and parole's motion for summary judgment and entered judgment against McDermott.

█ In this Court, McDermott again alleges that section 571.015 and Senate Bill No. 60 are invalid. This Court has juris-

*Breck,* 252 Mo. 302, 158 S.W. 843, 849 (Mo. banc 1913).

diction of the appeal because the validity of a state statute is involved. *Mo. Const. article V, section 3.* The trial court's judgment is affirmed.

█ *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993), sets out the standard of review. When considering appeals from summary judgment, this Court reviews the record in the light most favorable to the party against whom judgment was entered. The non-movant is accorded the benefit of all reasonable inferences from the record. This Court's review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those that should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

█ McDermott contends that section 571.015 is unconstitutionally vague because it is susceptible to different constructions as a result of the lack of the word "minimum." The section provides, in part, that a person convicted of armed criminal action is not "eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years." *Section 571.015.1.* As this Court previously noted, section 571.015 "is written in the prohibitive sense and not as a grant of a right. Under this statute, appellant is precluded from receiving a parole hearing in the first three years of his sentence. It does not give him a vested right to a parole hearing immediately upon serving three years of

1. All statutory references are to RSMo 2000.

his sentence." *McDermott v. Carnahan*, 934 S.W.2d 285, 288 (Mo. banc 1996). The fact that the trial court interpreted the statute contrary to McDermott's view of how it should be interpreted does not make the statute unconstitutionally vague. *State v. Bolin*, 643 S.W.2d 806, 811 (Mo. banc 1983).

■ Similarly, McDermott's construction of Senate Bill No. 60 so as to find multiple subjects in violation of article III, section 23 of the state constitution is not binding on this Court. McDermott concedes that the title to the bill identifies a single subject "relating to certain offenses and the punishment therefor ... with penalty provisions and an effective date." He argues that the parole eligibility restrictions contained in section 571.015, however, do not relate to the "punishment" for the crime of armed criminal action. The argument borders on the frivolous. Clearly, the statute prescribes a punishment that cannot be diminished by parole, probation, conditional release or suspended imposition or execution of sentence. This has a natural connection with the subject matter of the bill.

As to the other claims raised by McDermott, the record and briefs have been reviewed. No error of law appears. A written opinion as to those claims would serve no jurisprudential purpose. *See Rule 84.16.*

The judgment of the trial court is affirmed.

All concur.