**Charles HARRY, Petitioner,**

v.

**Mike KEMNA, Superintendent Crossroads Correctional Center, Respondent.**

**No. WD 60576.**

Missouri Court of Appeals, Western District.

Submitted March 1, 2002.

Decided May 21, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2002.

Application for Transfer Denied Aug. 27, 2002.

Charles Harry, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for Respondent.

Before JAMES M. SMART, JR., P.J., PATRICIA BRECKENRIDGE, and ROBERT G. ULRICH, JJ.

JAMES M. SMART, JR., Presiding Judge, Writ Division.

Charles Harry filed a petition for habeas corpus contending that he was improperly sentenced as a Class X offender under Section 558.019, RSMo Cum.Supp.1991,[1] in November of 1992, in connection with his conviction in St. Louis County of involuntary manslaughter and armed criminal action. Because we determine he is entitled to partial relief, we grant relief as to the sentence under Class X offender status with regard to the conviction of involuntary manslaughter and deny relief with regard to his contention as to the sentence for armed criminal action.

---

1. All references are to RSMo Cum.Supp.1991, unless otherwise noted.

On October 21, 1992, Defendant Charles Harry was found guilty of having committed involuntary manslaughter, a Class C felony, and armed criminal action, an unclassified felony. On October 8, 1992, evidence was presented that he had been convicted of three prior felonies committed at different times. Harry was found to be a Class X offender pursuant to Section 558.019. On November 23, 1992, Harry was sentenced as a Class X offender to a term of twenty years imprisonment for involuntary manslaughter, and was sentenced to a term of life imprisonment for the offense of armed criminal action, with the terms of imprisonment to run concurrent with one another.

Harry's petition for a writ of habeas corpus challenges his sentences. Under Section 558.019, a Class X offender is required to serve eighty percent of the sentence he receives. Harry contends that since involuntary manslaughter, a Class C felony, is neither a Class A nor a Class B felony, nor a dangerous felony pursuant to Section 556.061, the sentencing court erred in applying Class X offender status to the sentences. Further, he argues that because Section 558.019 cannot be applied to Section 571.015, the sentencing court also exceeded its jurisdiction by applying Class X offender status to the sentence for armed criminal action.

This court has reviewed Harry's petition, the State's suggestions in opposition, and Harry's response thereto. Under the facts and law of the case, Harry is entitled to certain relief. Because both parties have been fully heard, the court, in the interest of justice, dispenses with further proceedings and issues its order.

 A claim that the court issued "a sentence in excess of that authorized by law" weighs as a jurisdictional issue. *Clay v. Dormire*, 37 S.W.3d 214, 218 (Mo. banc 2000). Therefore, if the sentence imposed was not authorized by law, Harry is entitled to habeas relief. *State ex rel. Osowski v. Purkett*, 908 S.W.2d 690, 691 (Mo. banc 1995). This is true even if the only sentencing defect is the application of Class X offender status to an otherwise proper sentence. *Thomas v. Kemna*, 55 S.W.3d 487, 490 (Mo.App.2001).

 Section 558.019.2 states that the provisions of that section shall be applied only to Class A and B felonies or dangerous felonies committed under certain specified chapters, including chapters 565 and 571. Involuntary manslaughter was a Class C felony described in Section 565.024. The State in this case makes no argument that involuntary manslaughter was a dangerous felony as defined by Section 556.061.8. Therefore, it appears Harry is entitled to relief with regard to the sentence for involuntary manslaughter. The State points out, however, that Harry is not entitled to relief with regard to the sentence for armed criminal action because armed criminal action was a dangerous felony under the 1991 version of Section 556.061.8, which was the applicable section at the time he was sentenced. Section 556.061.8 defines a "dangerous felony" as "the felonies of armed criminal action, arson, assault, burglary, causing catastrophe, felonious restraint, forcible rape, forcible sodomy, kidnapping, voluntary manslaughter, murder, robbery, or the attempt to commit any of these felonies." We agree. Accordingly, Harry is not entitled to relief as to the sentence for the armed criminal action.

## Conclusion

 The removal of an erroneous Class X offender status as to the sentence of involuntary manslaughter does not require Mr. Harry be resentenced. *Thomas* 55 S.W.3d at 491. Therefore, no purpose would be served by remanding the case to

the trial court. *Osowski*, 908 S.W.2d at 691. Accordingly, the judgment and sentence of the trial court is hereby modified to remove the Class X offender status from the sentence for involuntary manslaughter. The Class X offender status shall remain in effect as to the sentence for armed criminal action.

BRECKENRIDGE and ULRICH, JJ., concur.