Terril Lee **JOHNSON**, Respondent,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS**, Appellant.

**No. WD 64175.**

Missouri Court of Appeals, Western District.

June 30, 2005.

Lisa J. Berry, Jefferson City, MO, for appellant.

Amy M. Bartholow, Columbia, MO, for respondent.

Before BRECKENRIDGE, P.J., LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The Department of Corrections appeals from a summary judgment declaring that the minimum prison term provisions of Section 558.019 [1] do not apply to Terril Johnson's fourteen-year sentence for armed criminal action. For reasons explained herein, we affirm the judgment.

On November 25, 2002, Johnson pled guilty to charges of first-degree robbery, Section 569.020, and armed criminal action, Section 571.015. The court sentenced him to consecutive terms of ten years for robbery and fourteen years for armed criminal action.

Based on Johnson's conviction for first-degree robbery as a "dangerous felony" under Section 558.019.3, the Department of Corrections determined that he must serve at least 85% of his ten-year sentence before becoming eligible for parole. The Department also determined that the minimum term requirements of Section 558.019.2(3) applied to Johnson's sentence for armed criminal action because he had at least three previous prison commitments for felony offenses unrelated to his current offense. The Department's ruling required Johnson to serve at least 80% of his fourteen-year sentence for armed criminal action before becoming eligible for parole.

Johnson sought a declaratory judgment in the Circuit Court of Cole County that the Department had erroneously applied the minimum prison term provisions to his sentence for armed criminal action. He later filed a summary judgment motion arguing that, under the plain language of the statute, the offense of armed criminal action was excluded from the requirements of Section 558.019. The circuit court agreed and granted summary judgment in Johnson's favor.

In its sole point on appeal, the Department contends the circuit court erred in granting summary judgment because the minimum prison term provisions of Section 558.019 can be applied to convictions for armed criminal action. Both parties agree that there are no factual issues in dispute. The appeal exclusively raises a question of law regarding the statutory interpretation of Section 558.019 and its relationship to Section 571.015, the armed criminal action statute.

■ Our review of the summary judgment is *de novo*, without deference to the circuit court's ruling. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6).

■ In reviewing the statutes at issue, our role is to ascertain the legislative intent from the language used and to give effect to the words based on their plain and ordinary meaning. *Nunn v. C.C. Midwest*, 151 S.W.3d 388, 396 (Mo.App.2004). The legislature is presumed to have intended what the statute says; consequent-

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indi-

cated.

ly, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for statutory construction. *Garcia–Huerta v. Garcia*, 108 S.W.3d 684, 687 (Mo.App.2003). When interpreting a penal statute, however, we must construe any ambiguity "against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed." *J.S. v. Beaird*, 28 S.W.3d 875, 877 (Mo. banc 2000).

■ Section 558.019 sets forth the minimum prison terms that certain convicted felons may be required to serve before becoming eligible for parole, conditional release, or other early release by the Department. In subsection 1, the statute provides that it "shall not affect those provisions of ... section 571.015, RSMo, which set minimum terms of sentences[.]" § 558.019.1. In subsection 2, the statute further states that the minimum prison terms are "applicable to all classes of felonies except those ... otherwise excluded in subsection 1 of this section." § 558.019.2.

The offense of armed criminal action, as defined in Section 571.015, is specifically identified as an exception to the general minimum prison term requirements in Section 558.019. The armed criminal action statute includes its own minimum terms, requiring convicted persons to serve at least three years before reaching eligibility for parole or early release from prison. § 571.015.1. Any person convicted of a second offense of armed criminal action must serve a term of at least five years, and a third offense requires serving a minimum ten-year sentence. § 571.015.2–3.

The Department argues that the general minimum term provisions of Section 558.019 can be applied in this case because they do not conflict with or "affect" the minimum sentence requirements for armed criminal action under Section 571.015. Because Johnson was sentenced to serve fourteen years for armed criminal action, the armed criminal action statute requires him to serve at least three years of that sentence, while the general minimum term provisions of Section 558.019.2(3) would require him to serve 80% or 11.2 years of that sentence. The Department contends Section 558.019 only precludes a *reduction* of the minimum sentence for armed criminal action. Thus, it argues the armed criminal action statute is not "affected" when the general statute imposes a greater minimum sentence.

The Department's argument is based on the language in subsection 1 of Section 558.019, which states that the general minimum term provisions "shall not affect" the minimum terms set forth in the armed criminal action statute. The dictionary defines "affect" in at least two ways that may be applicable in this context: "1: to act upon[;] a: to produce an effect ... upon ... b(1): *to produce a material influence or alteration in* ... b(2): *to have a detrimental influence on* [.]" Webster's New Third International Dictionary 35(1993).

The Department's interpretation of Section 558.019 invokes the narrowest part of this definition, which seems to indicate that the armed criminal action statute would only be *detrimentally* affected if its three-year minimum sentence was reduced by applying the general minimum terms. Alternatively, if the broader definition is considered, Section 558.019 could be interpreted to mean that the general minimum prison terms would "affect" the armed criminal action statute if it *altered* or had *any material influence* by either increasing or decreasing the three-year minimum. In Johnson's case, it is clear that the minimum sentence for armed criminal action would be altered by application of the 80% minimum; instead of serving a minimum

three year sentence, he would be required to serve a minimum of 11.2 years. Thus, application of the general minimum prison term would materially affect his minimum sentence for armed criminal action.

Given other language in Section 558.019, we find it reasonable that the legislature intended the broader definition of the term "affect" to apply in this context.[2] The statute indicates that the general minimum prison terms should not affect the sentences for first degree murder, § 565.020, persistent sexual offenders, § 558.018, or armed criminal action, § 571.015, because each of those statutory offenses includes its own minimum sentence. § 558.019.1. The language suggests the legislature saw no need to apply different minimum terms than those already specified in the statutes for those particular offenses.

The provisions of Section 558.019.1 also must be read in conjunction with subsection 2, which states that the minimum prison terms apply to all classes of felonies except those "excluded" in subsection 1. *Baldwin v. Dir. of Revenue*, 38 S.W.3d 401, 405 (Mo. banc 2001) ("Statutory provisions relating to the same subject matter are considered *in pari materia* and are to be construed together," so as to be read "consistently and harmoniously"). The plain and ordinary meaning of the term "excluded" suggests that any of the felonies referenced in subsection 1 are "shut out" are "bar[red] from . . . consideration." Webster's New Third International Dictionary 793 (1993). As noted, armed criminal action is one of the felonies referenced in subsection 1. When construed *in pari materia*, these two subsections indicate the legislature's intention to exclude armed criminal action from the general minimum terms of Section 558.019 because the armed criminal action statute sets forth its own minimum standards.

The Department further argues that we are bound by the precedent in *Harry v. Kemna*, 81 S.W.3d 635 (Mo.App.2002), and *State v. Hutton*, 825 S.W.2d 883 (Mo.App. 1992), both of which applied Section 558.019 to sentences for armed criminal action. These cases are not relevant due to statutory changes. Both cases applied the law as it stood prior to 1994, when armed criminal action was classified as a "dangerous felony" under Section 556.061.8 and, therefore, was subject to the general minimum prison terms Section 558.019.2. The legislature removed armed criminal action from the list of dangerous felonies in 1994. See Section 556.061.8, RSMo 1994. Accordingly, armed criminal action is no longer subject to the minimum term provisions of Section 558.019.2 that apply to dangerous felonies.

The circuit properly determined that the Department could not apply Section 558.019 to increase Johnson's minimum sentence for armed criminal action from three years to 11.2 years. Johnson was entitled to a declaratory judgment as a matter of law. The summary judgment is affirmed.

All concur.

---

2. The use of the term "affect" in Section 558.019 could be deemed ambiguous in light of the two plausible definitions. We have determined there is no ambiguity because other language in the statute clarifies the legislative intent. However, even if we were to engage in statutory construction, we would still apply the broader definition of "affect" because any ambiguities must be construed in favor of Johnson, against whom the Department seeks to impose a greater minimum sentence. *Beaird*, 28 S.W.3d at 877.