David TALLEY, Appellant,

v.

MISSOURI DEPARTMENT
OF CORRECTIONS,
Respondent.

No. WD 65319.

Missouri Court of Appeals,
Western District.

June 20, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Application for Transfer Denied
Jan. 30, 2007.

David Talley, Licking, MO, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., NEWTON and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

David Talley appeals from a summary judgment ruling that he must serve at least eighty percent of his twenty-one year sentence for armed criminal action, pursuant to the minimum prison term provisions of Section 558.019.[1] Because the Cole County Circuit Court erred in applying the law, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

On March 18, 1992, a Jackson County jury convicted Talley of first-degree robbery, Section 569.020, and armed criminal action, Section 571.015. Talley was sentenced, as a prior and persistent class X offender, to consecutive prison terms of fifteen years for robbery and twenty-one years for armed criminal action. Based on Talley's three prior prison commitments for felony offenses unrelated to his current offenses, the Missouri Department of Corrections (MDOC) determined that the minimum prison term provisions in Section 558.019 required him to serve eighty percent of his sentences before becoming eligible for parole.

In May 2004, Talley sought to challenge the minimum prison term by filing a declaratory judgment action against the State of Missouri in the Circuit Court of Texas County.[2] In a summary judgment motion, Talley argued that his sentence for armed criminal action was exempt from the general minimum prison term provisions of Section 558.019 due to the express language of the statute. Based on the State's failure to answer the petition for

---

1. All statutory citations are to the Missouri Revised Statutes, Cum.Supp.1991, unless otherwise indicated.

2. At the time of filing, Talley was incarcerated in Texas County at the South Central Correctional Center.

declaratory judgment or timely respond to the summary judgment motion, Talley requested the circuit court to enter a default judgment on October 4, 2004.

That same day, the State filed an answer to the petition, as well as a motion for substitution of party and change of venue. The State requested the court to substitute MDOC as the proper respondent and to transfer venue to the Cole County Circuit Court because MDOC maintained its central office in Cole County. The Texas County Circuit Court granted the motion, allowing the substitution and transferring venue to the Cole County Circuit Court on December 20, 2004.

MDOC subsequently filed a cross-motion for summary judgment, contending it had properly applied Section 558.019 in determining Talley's eighty percent minimum prison term for the armed criminal action conviction. The Cole County Circuit Court denied Talley's motion for summary judgment and granted MDOC's cross-motion.

## POINTS ON APPEAL

■ Talley asserts six points on appeal. In Points I, III, IV, and VI, he raises issues related to the denial of his summary judgment motion. Because the denial of summary judgment does not constitute a final judgment, those issues are not properly before us and cannot be considered on appeal. *Sanders v. Ins. Co. of N. America*, 42 S.W.3d 1, 8 (Mo.App.2000). All four points are denied.

Two points remain. In Point II, Talley contends the Texas County Circuit Court erred in granting the State's motion to substitute MDOC as the proper party and in transferring venue to Cole County. In Point V, he argues the Cole County Circuit Court erroneously applied the minimum prison term provisions of Section 558.019 to his sentence for armed criminal action.

As explained herein, we find no error in the party substitution or venue transfer but conclude that the circuit court misapplied the law in requiring Talley to serve eighty percent of his prison sentence for armed criminal action.

## PROPRIETY OF PARTY SUBSTITUTION AND VENUE TRANSFER

Talley asserts the State of Missouri was the proper respondent in his declaratory judgment action because he sought to challenge a sentence that was imposed by a state court. He further asserts that venue was proper in Texas County because that is where he chose to file the declaratory judgment petition. Neither argument demonstrates that the Texas County Circuit Court abused its discretion in granting the motion for substitution of party and change of venue. *See State v. Baumruk*, 85 S.W.3d 644, 648 (Mo. banc 2002) (decision to grant or deny change of venue is within trial court's discretion); *Sher v. Chand*, 889 S.W.2d 79, 83 (Mo.App.1994) (trial court did not abuse discretion in granting motion to substitute party).

■ Talley's declaratory judgment action did not claim error in his twenty-one year prison sentence for armed criminal action imposed by the state court (Jackson County Circuit Court), rather he challenged the subsequent application of the minimum prison term provision in Section 558.019 to that sentence. Under 558.019, MDOC performs the "ministerial act" of initially determining whether and when a defendant qualifies for early release from prison based on prior prison commitments or remands. *Boersig v. Mo. Dep't. of Corr.*, 959 S.W.2d 454, 457 (Mo. banc 1997). Consistent with its administrative authority, MDOC made the original determination that Talley was required to serve eighty percent of his armed criminal action sentence because he had two prior prison

commitments for felony offenses. MDOC was the proper party to respond to Talley's declaratory judgment action because it rendered the decision of which his petition complained. Thus, the circuit court did not err in allowing MDOC as a substitute respondent for the State of Missouri.

 The change of venue to Cole County was also proper because the "purpose of the venue statutes is to provide a convenient, logical and orderly forum for litigation." *State ex rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 31 (Mo.App.2002). MDOC is constitutionally required to maintain its official public records, books, and papers in Jefferson City, which lies in Cole County. Mo. Const. art. IV, § 20. The central office for MDOC is also located in Cole County. For lawsuits filed against state officials, venue is appropriate in the county where their offices are located and their main duties are performed. *State ex rel. Mitchell v. Dalton,* 831 S.W.2d 942, 946 (Mo.App.1992). Given the proper substitution of MDOC as a party in this matter, the Texas County Circuit Court did not abuse its discretion in transferring venue to the county where the respondent maintains its headquarters and official records. *Id.* Point II is denied.

### CROSS-SUMMARY JUDGMENT MOTION

In granting summary judgment in favor of MDOC, the circuit court determined that Talley was required to serve eighty percent of his prison sentence of armed criminal action based on the general minimum prison term provisions of Section 558.019.2(3).[3] Although Section 558.019.1 expressly states that the general minimum prison terms "shall not affect" the specific minimum prison term for armed criminal

action, as set out in Section 571.015, the circuit court concluded that this language only precluded Section 558.019 from *reducing* the minimum term served for armed criminal action. Because the application of Section 558.019 would result in Talley serving a minimum of 16.8 years (eighty percent of his twenty-one year sentence), as opposed to a three-year minimum under Section 571.015.1, the circuit court found the increased minimum prison term was appropriate in light of the precedential interpretation of these statutes in *Harry v. Kemna,* 81 S.W.3d 635, 637 (Mo.App.2002), *superceded by statute,* § 556.061.8, RSMo 1994, *as recognized in Johnson v. Mo. Dep't. of Corr.,* 166 S.W.3d 110, 113 (Mo. App.2005), and *State v. Hutton,* 825 S.W.2d 883, 889–90 (Mo.App.1992) *superceded by statute,* § 556.061.8, RSMo 1994, *as recognized in Johnson v. Mo. Dep't. of Corr.,* 166 S.W.3d 110, 113 (Mo.App.2005).

 Our review of the summary judgment is *de novo,* without deference to the circuit court's ruling. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(6).

 The circuit court's summary judgment ruling in this case was issued a few months before our recent ruling in *Johnson v. Missouri Department of Corrections,* 166 S.W.3d 110 (Mo.App.2005). In *Johnson,* we determined that the general minimum prison term provisions of Section 558.019 could not be applied to a sentence for armed criminal action, regardless of

---

**3.** Section 558.019.2(3) provided in relevant part:

If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence. . . .

whether such application would result in an increase or decrease of the minimum time served. *Id.* at 112–13. Based on a statutory analysis of the relevant subsections of Section 558.019 *in pari materia,* we concluded that the legislature intended to exclude armed criminal action from the general minimum prison term provisions because the armed criminal action statute sets forth it own minimum standards in Section 571.015. *Id.* at 113. Further, in *Johnson* we recognized that the prior decisions in *Harry* and *Hutton* are irrelevant due to statutory changes:

> Both cases applied the law as it stood prior to 1994, when armed criminal action was classified as a "dangerous felony" under Section 556.061.8, and therefore, was subject to the general minimum prison terms [of] Section 558.019.2. The legislature removed armed criminal action from the list of dangerous felonies in 1994. Accordingly, armed criminal action is no longer subject to the minimum term provisions of Section 558.019.2 that apply to dangerous felonies.

*Id.* (citations omitted).

Our holding in *Johnson* indicates that the circuit court misapplied the law in determining that Talley's armed criminal action sentence was subject to the general minimum prison term provisions of Section 558.019. Because the armed criminal action statute contains its own mandatory minimums, the court should have applied Section 571.015 in declaring the amount of time Talley must serve before being eligible for early release.

Although Talley was originally sentenced prior to the 1994 statutory revisions, recent case law makes it clear that any changes in the law with regard to the minimum prison term can be retroactively applied to his sentence for armed criminal action. *State ex rel. Nixon v. Russell,* 129 S.W.3d 867 (Mo. banc 2004) (retroactively applying an early prison release statute); *Nieuwendaal v. Mo. Dep't. of Corr.,* 181 S.W.3d 153 (Mo.App.2005) (retroactively applying the minimum prison term provisions of Section 559.115). Thus, the circuit court must consider the current version of Section 571.015 in determining Talley's eligibility for early release.

Based on the misapplication of law, the circuit court erred in granting summary judgment in favor of MDOC. The judgment is reversed, and the cause is remanded to the Cole County Circuit Court for consideration of Talley's declaratory judgment petition in light of our holding that Section 571.015 governs the minimum prison time to be served for his armed criminal action conviction.

All concur.