Anthony L. MOZEE, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 75750.**

Missouri Court of Appeals,
Western District.

April 30, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 2013.

Anthony L. Mozee, Charleston, MO, Appellant pro se.

Michael J. Spillane, Jefferson City, for respondent.

Before Division Two: ALOK AHUJA, P.J., and LISA WHITE HARDWICK and KAREN KING MITCHELL, JJ.

ALOK AHUJA, Judge.

Appellant Anthony Mozee is currently incarcerated at the Southeast Correctional Center in Charleston. He is serving a term of life imprisonment for second-degree murder and a consecutive term of twenty years for armed criminal action. Respondent Missouri Board of Probation and Parole determined that, under 14 CSR 80–2.010(D), Mozee would not be eligible for parole on his armed criminal action conviction until he had served one-third of his twenty-year sentence, or seventy-nine months. Mozee filed a petition seeking declaratory relief in the Circuit Court of Cole County, arguing that the Board's regulation was unlawful as applied to armed criminal action convictions, because it was contrary to § 571.015.1,[1] which provides that "[n]o person convicted [of armed criminal action] shall be eligible for parole ... for a period of three calendar years." The circuit court rejected Mozee's arguments, and entered judgment on the pleadings for the Board. Mozee appeals. We affirm.

## Factual Background

Following a jury trial, Mozee was convicted in the Circuit Court of Boone County of one count of second-degree murder and one count of armed criminal action. On November 7, 1995, the court sentenced him to serve life imprisonment for the murder and twenty years for armed criminal action, with the sentences ordered to run consecutively. In November 2011, the Board informed Mozee that he would be eligible for a parole hearing in January 2012. In January, however, the Board sent Mozee a notification delaying his parole hearing until June 2013. In response

---

1. Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated by the 2012 Cumulative Supplement.

to Mozee's request for an explanation, the Board sent him a letter stating that:

> You must serve 15 years on your life sentence [before being eligible for parole]. Which prior to the Edgar [sic] Ruling,[2] was all the Board had required you to serve on your entire sentence. However, the Board is now required to make you serve time on your consecutive ACA, after you have served the 15 years which is the time required on your Life sentence. You must serve 79 months on your 20 year ACA.

> You are required to serve 79 months on your ACA because regulatory rules override statutory rules in this case because the Board is required to make you serve whichever is longer. Regulatory rules state that an offender must serve 79 months on a 20 year sentence and statutory rules state that offenders with their first ACA conviction have to serve a minimum of 3 years.[3]

After unsuccessful attempts to persuade the Board to reconsider its calculation of his parole eligibility date, Mozee filed a petition for declaratory judgment in the Circuit Court of Cole County on June 8, 2012. Mozee's petition did not challenge the Board's determination that he was required to serve a fifteen-year minimum term before being considered for parole on his second-degree murder conviction, or its decision to add the minimum term on his armed criminal action conviction to the minimum term on his murder conviction (because the sentences are consecutive). Instead, Mozee challenged only the Board's calculation of a seventy-nine month minimum term on his armed criminal action conviction. He claimed that, under § 571.015.1, the minimum term could be no longer than three years. Mozee requested that the circuit court declare 14 CSR 80–2.010 to be invalid as applied to convictions for armed criminal action, and that the three-year statutory minimum specified in § 571.015.1 governed instead.

On the same day that it answered Mozee's petition, the Board filed a motion for judgment on the pleadings. The Board argued that § 571.015.1 merely specified a *minimum* period an inmate must serve before being paroled on an armed criminal action conviction, but that it did not prevent the Board from establishing a longer period prior to parole eligibility under the rulemaking authority granted to the Board by § 217.690.4. On September 5, 2012, the circuit court granted the Board's motion, and entered judgment in its favor. Mozee appeals.

### Standard of Review

On appeal of a judgment on the pleadings we review the petition of the losing party to determine if the facts pled were insufficient as a matter of law. The grant of judgment on the pleadings is upheld where, holding all facts alleged in

**2.** *Edger v. Missouri Board of Probation and Parole*, 307 S.W.3d 718 (Mo.App. W.D.2010), holds that, for an inmate serving consecutive sentences, the Board must add the minimum terms for each individual sentence to calculate the inmate's parole eligibility date. *Id.* at 721 (citing § 217.690.5).

**3.** The Board's calculation of Mozee's parole eligibility date commenced on November 3, 1993, based on 734 days of credit for time Mozee served before his receipt into Department of Corrections custody on November 8, 1995. The Board then added the fifteen-year minimum term on Mozee's second-degree murder conviction, and the seventy-nine months it determined to be his minimum term on the armed criminal action conviction, to arrive at a parole eligibility date of June 3, 2015. Consistent with its *Procedures Governing the Granting of Paroles and Conditional Releases*, the Board scheduled Mozee for a parole hearing in June 2013, two years prior to his parole eligibility date.

the opposing party's petition as true, the moving party was entitled to judgment as a matter of law.

*Mitchell v. Nixon*, 351 S.W.3d 676, 679 (Mo.App. W.D.2011) (citations and internal quotation marks omitted).

### Analysis

Section 217.690.4 authorizes the Board to "adopt rules not inconsistent with the law ... with respect to the eligibility of offenders for parole...." Pursuant to this statutory authority, the Board adopted 14 CSR 80–2.010(1), which provides in relevant part:

> Minimum Parole Eligibility. The following provisions apply to sentences where there is no minimum prison term established by statute requiring more time to be served.
>
> ....
>
> (D) Offenders convicted of violent offenses as shown in the *Procedures Governing the Granting of Paroles and Conditional Releases*, Appendix C, Sexual or Child Abuse (all classes of offenses) are eligible for parole after thirty-three percent (33%) of the maximum sentence has been served, except where statute would require more time to be served.

Under 14 CSR 80–2.010(1)(D), the Board determined that Mozee was required to serve 33% of his twenty-year armed criminal action sentence, or seventy-nine months.

Mozee does not dispute that his armed criminal action conviction falls within the scope of 14 CSR 80–2.010(1)(D). He argues, instead, that the regulation is inconsistent with, and superseded by, § 571.015.1, which creates the offense of armed criminal action. Section 571.015.1 provides:

> Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the department of corrections and human resources for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. *No person convicted under this subsection shall be eligible for parole,* probation, conditional release or suspended imposition or execution of sentence *for a period of three calendar years.*

(Emphasis added).

Mozee's argument depends on the proposition that the three-year period specified in § 571.015.1 establishes not only the *minimum* period before an inmate convicted of armed criminal action can be eligible for parole, but also the *maximum* period. According to Mozee, inmates convicted of armed criminal action *must* be eligible for parole three years after they begin serving their sentence, no more and no less.

The Missouri Supreme Court has rejected this precise argument. In *McDermott v. Carnahan*, 934 S.W.2d 285 (Mo. banc 1996), a trial court convicted McDermott of armed criminal action, burglary in the first degree, robbery in the second degree, and attempted stealing over $150 by coercion. *Id.* at 285. The court sentenced him to concurrent sentences of twenty-five years, fifteen years, fifteen years, and five years respectively. *Id.* McDermott filed a declaratory judgment action against various state officials, arguing, among other things, that § 571.015.1 mandated that he

be considered eligible for parole after three years. The Supreme court rejected McDermott's argument, and explained:

> In his petition, appellant relies on the language of § 571.015.1, which states in part: "No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years." He interprets this statute to grant him the right, immediately upon serving three years of his sentence, to a parole hearing. This interpretation is erroneous.
>
> We must give effect to statutes as they are written, and we look to the plain language of the statute in order to give it effect. *Section 571.015.1 is written in the prohibitive sense and not as a grant of a right. Under this statute, appellant is precluded from receiving a parole hearing in the first three years of his sentence. It does not give him a vested right to a parole hearing immediately upon serving three years of his sentence.* For the statute to say what appellant wants it to say, it should state, "[a] person ... shall be eligible for parole ... upon serving three calendar years of his sentence." Instead, the statute states, "[n]o person ... shall be eligible for parole ... for a period of three calendar years." These two versions have different meanings. Even construing the statute liberally in favor of the accused, we cannot extend the statute beyond its proper limits. *We hold that § 571.015.1 does not grant appellant the right to a parole hearing or make him eligible for parole upon serving the first three years of his sentence.*

*Id.* at 287–88 (emphasis added; citations omitted). The Supreme Court adhered to the result it reached in *McDermott v. Carnahan* in a later appeal by the same inmate. *McDermott v. Mo. Bd. of Prob. & Parole,* 61 S.W.3d 246, 247–48 (Mo. banc 2001).

Notably, in *McDermott v. Carnahan* McDermott raised a claim very similar to the claim Mozee makes in this appeal: that Board regulations which provided for a minimum prison term of more than three years on his armed criminal action conviction were inconsistent with § 571.015.1, and were therefore unlawful. The Supreme Court rejected this argument based on its determination (quoted above) that § 571.015.1 does not guarantee an inmate parole eligibility on an armed criminal action conviction after the inmate serves three years of his sentence. The Court explained:

> In Counts III and V, appellant alleged that certain parole regulations promulgated by the Missouri Board of Probation and Parole were unconstitutional because they delayed his parole eligibility beyond the three-year period which he believed he had a liberty interest in because of § 571.015.1.... [W]e affirm the denial of relief because both counts depend on appellant's false theory that § 571.015.1 granted him parole eligibility.

934 S.W.2d at 288. Although the Supreme Court's opinion in *McDermott v. Carnahan* does not describe the Board regulations which McDermott challenged, a review of McDermott's Amended Petition indicates that one of the regulations required that he serve one-third of his twenty-five year sentence for armed criminal action before being eligible for parole[4]—exactly the same calculation now codified in 14 CSR 80–2.010(1)(D). Thus, *McDermott v. Carnahan* rejected a claim of alleged inconsis-

---

4. *See* Legal File at 16 ¶ 4, *McDermott v. Carnahan,* No. SC79035 (Mo. filed July 17, 1996).

tencies between Board regulations and § 571.015.1 which is virtually identical to the claim Mozee raises here.

Mozee argues that *Talley v. Missouri Department of Corrections,* 210 S.W.3d 212 (Mo.App. W.D.2006), and *Johnson v. Missouri Department of Corrections,* 166 S.W.3d 110 (Mo.App. W.D.2005), require that the circuit court's judgment be reversed. *Talley* and *Johnson* addressed the relationship between the mandatory minimum prison terms specified for certain recidivist offenders in § 558.019, and the three-year minimum prison term established by § 517.015.1. Both cases holds that § 558.019 has no application to armed criminal action convictions otherwise subject to § 517.015.1.

Mozee highlights the statement in *Talley* that, "[b]ecause the armed criminal action statute contains its own mandatory minimums, the court should have applied Section 571.015 in declaring the amount of time Talley must serve before being eligible for early release." 210 S.W.3d at 216. Mozee interprets this statement to mean that § 571.015.1 provides the exclusive source for determining the minimum term an inmate must serve on an armed criminal action conviction, and that § 571.015.1 therefore prohibits 14 CSR 80–2.010(1)(D) from requiring Mozee to serve a longer term.

*Talley* and *Johnson* are not controlling here, however, because they addressed a different issue from the one Mozee presents in this appeal. *Talley* and *Johnson* concerned the relationship between §§ 517.015.1 and 558.019, while this case concerns the relationship between § 517.015.1 and the Board regulation found at 14 CSR 80–2.010(1)(D). *Talley* and *Johnson* relied on statutory provisions which are inapplicable here: the statement in § 558.019.1 that the statute "shall not affect those provisions of . . . section 571.015, which set minimum terms of sen-

tences"; and the statement in § 558.019.2 that its minimum-term provisions "shall be applicable to all classes of felonies except those . . . otherwise excluded in subsection 1 of this section." *See Johnson,* 166 S.W.3d at 112–13. The cases also note that § 558.019 *previously* applied to armed criminal action convictions (because armed criminal action had been defined as a "dangerous felony" under § 556.061.8), but that the legislature subsequently removed armed criminal action from the list of dangerous felonies, and thereby removed armed criminal action from the operation of § 558.019. *Talley,* 210 S.W.3d at 216; *Johnson,* 166 S.W.3d at 113.

Thus, *Johnson* and *Talley* merely hold that § 558.019 does not apply to armed criminal convictions because §§ 558.019.1 and .2 expressly exclude armed criminal action convictions from the operation of § 558.019, and because the statutory history of § 558.019 shows that armed criminal action convictions were removed from the statute's coverage. That very specific holding, based on the particular wording and history of § 558.019, has no application to the separate question of whether 14 C.S.R. 80–2.010(1)(D) can be applied to armed criminal action convictions.

### Conclusion

Contrary to Mozee's arguments, the method for calculating the parole eligibility date for inmates convicted of armed criminal action found in 14 C.S.R. 80–2.010(1)(D) does not conflict with § 571.015.1. Therefore, on the facts pled by Mozee, the Board was entitled to judgment as a matter of law. The circuit court's grant of judgment on the pleadings to the Board is accordingly affirmed.

All concur.