Richard Dale COLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 45749.

Missouri Court of Appeals,
Western District.

Nov. 8, 1994.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

This is an appeal from the denial, without an evidentiary hearing, of defendant's Rule 29.15 motion for post conviction relief.

We affirmed the trial court's denial of the Rule 29.15 motion, but later, upon defendant's pro se motion for recall of mandate, we set aside our decision and re-submitted the case. We appointed new counsel for defendant, although we did not require additional briefing or argument. Upon reconsideration, we now reverse the judgment of the trial court and remand for further proceedings in conformance with this opinion.

Defendant was convicted after a jury trial of burglary and stealing. As a prior persistent and a Class X offender, §§ 558.016.2, 558.016.3, 558.019.2, RSMo, he was sentenced by the court. The court sentenced him to two consecutive terms of 15 years, the maximum allowable sentences under § 558.016.6(3), RSMo 1986. As a Class X offender, § 558.019.2(3), RSMo 1991, he will not be eligible for parole until he has served 80 percent of his sentence.

A motion for a new trial was filed and overruled, but there was no appeal from the conviction.

■ Defendant in his Rule 29.15 motion asks for relief from his sentence as a Class X offender. He says that at the time of the commission of the crime, May 6, 1987, the Class X offender statute applied only to Class A and Class B felonies, while defendant was convicted of a Class C felony. Only in 1988 was § 558.019 amended to include "dangerous felonies," which would bring Collins' offense within the terms of the statute.

Collins was entitled to sentencing under the law as it was on May 6, 1987. The 1988 amendment to the Class X offender statute would be *ex post facto* if it were applied to Collins, for parole eligibility is part of the punishment. *Miller v. Florida*, 482 U.S. 423, 430–436, 107 S.Ct. 2446, 2451–54, 96 L.Ed.2d 351 (1987); *Maggard v. Moore*, 613 F.Supp. 150, 152 (W.D.Mo.1985).

■ The attorney general argues the sentencing error cannot be raised by a Rule 29.15 motion, but must be raised on direct appeal. Rule 29.15, however, is the proper vehicle to reach a claim "that the sentence imposed was in excess of the maximum sentence authorized by law." Rule 29.15(a). Absent the invalid Class X offender finding, defendant would be eligible for parole after serving five years of his total sentence of 30 years. Section 558.011.4(1)(c), RSMo. There is no doubt, then, that a sentence which makes one ineligible for parole for an additional nineteen years is "in excess of the maximum sentence authorized by law." Postponement of parole eligibility is inherently a feature of the sentence. *See Miller*, 482 U.S. 423, 107 S.Ct. 2446. Rule 29.15 provides the way of relief for this excessive sentence. The state cites *Griffin v. State*, 684 S.W.2d 425, 428 (Mo.App.1984) for the proposition that this sentencing mistake could only be addressed by direct appeal from the conviction, but we are unable to see that *Griffin v. State* is applicable here.

It is necessary, therefore, to remand the case to the trial court for amendment of the judgment and sentence to expunge the finding of Class X offender status.

Defendant, however, raises another point which calls into question the constitutionality of his conviction, which he says entitles him to acquittal. For reasons we explain hereafter, we vacate the sentence—not the conviction—and remand, not only to correct the erroneous Class X finding, but for re-sentencing. After defendant has been re-sentenced, the defendant may then pursue an appeal of his conviction, if he chooses to do so, and may file a new Rule 29.15 motion.

■ In the defendant's Rule 29.15 motion—which was filed in his behalf by trial counsel, who also represented defendant on appeal—he alleged the trial court was without jurisdiction to try him for the alleged offenses, because prosecution was barred by the three-year statute of limitations. Section 556.036.2(1), RSMo 1986.

■ It does appear that the statute of limitations would have barred prosecution, had the point been timely raised. The of-

fense occurred on May 6, 1987, and the defendant was indicted only on June 6, 1990. "A prosecution is commenced either when an indictment is found or an information filed." Section 556.036.5, RSMo. A complaint had been filed earlier, and defendant arrested, but that is not deemed the commencement of a prosecution. *State ex rel. Morton v. Anderson*, 804 S.W.2d 25, 26 (Mo. banc 1991).

■ Defendant did not raise the statute of limitations issue in the trial court. Not having raised it before trial, he waived the defense. He argues here that the statute of limitations was a jurisdictional matter, and the expiration of the three-year limitations period deprived the court of jurisdiction to try him. That, until *State v. Leisure*, 796 S.W.2d 875 (Mo. banc 1990) was the rule. *Ex parte Sydnor*, 222 Mo.App. 798, 10 S.W.2d 63, 64 (1928); *Lane v. State*, 565 S.W.2d 186 (Mo.App.1978).

In 1990, however, four months before defendant's trial, the Supreme Court of Missouri handed down *Leisure*, which held that the lapse of the statute of limitations did not deprive the court of jurisdiction, but that it was an affirmative defense which had to be raised or was waived. *State ex rel. Morton v. Anderson*, 804 S.W.2d 25 (Mo. banc 1991) cast some doubt on *Leisure*, but *Longhibler v. State*, 832 S.W.2d 908 (Mo. banc 1992), decided while this appeal was pending, reaffirmed *State v. Leisure*.

The Rule 29.15 motion, as noted above, attempts to raise the statute of limitations as a jurisdictional bar to prosecution. It does not expressly raise counsel's ineffectiveness in failing to raise the defense as a ground for Rule 29.15 relief. The trial court and the parties, however, treated the Rule 29.15 motion as raising a claim of ineffectiveness of counsel. The trial court, in denying the motion, made the following statement:

> The Court finds the matter of the Statute of Limitations, as argued by the State is a matter for direct appeal which should not have been raised for the first time in this 29.15 hearing. The Court further finds no evidence was offered by Movant to support a claim of ineffectiveness. The State suggested a decision to not raise a defense of Statute of Limitations was a trial strategy

decision. The Court finds the performance of Movant's counsel to not fall within the guidelines of ineffectiveness.

\* \* \* \* \* \*

... The Court finds that under the case law, that Mr. Rouzi, did act effectively in representing Movant, even though a possible defense of statute of limitations was not raised....

Defendant's brief currently before us also fails to present defense counsel's failure to raise the statute of limitations as ineffectiveness of counsel; it continues to argue that the lapse of the statute of limitations deprived the court of jurisdiction, and that defendant's conviction was therefore void. We note that trial counsel filed defendant's Rule 29.15 motion, and continued to represent him on appeal.

It is just such a situation as this that Rule 30.20 was designed for. That rule provides in part: "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The court is not prevented from reaching "plain errors affecting substantial rights ... when manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

■ Defendant in his motion to recall mandate alleges that he directed his attorney to file an appeal from his conviction, and believed that his attorney was pursuing a direct appeal. He attaches correspondence from his trial attorney which lends some credibility to his allegation. If a defendant directs the filing of an appeal, the failure of the attorney to do so is ipso facto counsel ineffectiveness. Prejudice is presumed; no showing of prejudice is necessary. *Schlup v. State*, 771 S.W.2d 895 (Mo.App.1989) (citing *Chastain v. State*, 688 S.W.2d 58, 60 (Mo.App.1985)).

We therefore vacate the defendant's sentence, and remand to the trial court for resentencing.

Upon remand, the trial court should appoint counsel other than trial counsel to rep-

resent defendant for purposes of sentencing, for the filing of a Rule 29.15 motion, if any, and for the appeal, if any. It asks too much of trial counsel to assert his own ineffective assistance; there is an inescapable conflict of interest.

Defendant after resentencing may file a new Rule 29.15 motion, in which he may allege any grounds he may have, including counsel ineffectiveness in failing to timely raise the statute of limitations defense, and counsel ineffectiveness in failing to file an appeal of his conviction.

Should the court sustain the Rule 29.15 motion only on the ground of counsel ineffectiveness in failing to file an appeal, then the court should vacate the sentence once again, and resentence the defendant. The defendant could then file an appeal if he elected to do so. *See Schlup*, 771 S.W.2d at 898.

Should the trial court sustain the Rule 29.15 motion on the ground of ineffectiveness of counsel in failing to raise the statute of limitations defense in timely fashion, the trial court should vacate the conviction itself, and award defendant a new trial.

Judgment reversed, defendant's sentence vacated, and cause remanded for further proceedings in accordance with the foregoing opinion.