In re Earl THOMAS, Petitioner,

v.

Dave DORMIRE, Superintendent
Jefferson City Correctional
Center, Respondent.

No. WD 52307.

Missouri Court of Appeals,
Western District.

Submitted May 2, 1996.

Decided June 11, 1996.

Earl Thomas, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Attorney General, Jefferson City, for respondent.

Before SMART, P.J., and BRECKENRIDGE and ELLIS, JJ.

SMART, Presiding Judge.

On March 31, 1989, Earl Thomas was convicted of five counts of forcible rape, § 566.030, RSMo 1986[1], five counts of kidnapping, § 565.110, four counts of first degree robbery, § 569.020, and one count of attempted first degree robbery, § 564.011. Thomas was sentenced as a prior, persistent and Class X offender to 99 years imprisonment on each of the five counts of rape and on three of the first degree robbery counts. He was also sentenced to 30 years imprisonment on each of the five kidnapping counts, one of the first degree robbery counts, and on the attempted first degree robbery counts. The sentences were ordered to run consecutively for a total of 1,002 years. Thomas did not challenge the legality of his sentence in his consolidated direct and post-conviction appeal. *See State v. Thomas*, 830 S.W.2d 546 (Mo.App.1992). In the instant proceeding, Thomas contends: (1) the sentencing court went beyond its jurisdiction in sentencing him to 99 years for each of the first degree robbery counts because the maximum penalty under § 558.011 for a class A felony is life imprisonment which, for enhancement purposes, is calculated at 50 years; and (2) the sentencing court went beyond its jurisdiction in sentencing him to 99 years for each count of the unclassified felony of rape.

The attorney general concedes the merits of Thomas' first claim, that the sentences of 99 years on the first degree robbery counts were improper. We agree. Thomas is entitled to relief on this issue. *Merriweather v. Grandison*, 904 S.W.2d 485 (Mo.App.1995).

In *Merriweather*, the petitioner pleaded guilty to felony possession of cocaine. Imposition of sentence was suspended, and she was placed on probation. Later, her probation was revoked and she was sentenced to 10 years' imprisonment. In the meantime, the maximum sentence for that offense was reduced to seven years. Petitioner failed to file a timely motion under Rule 24.035. Petitioner later sought relief by habeas corpus. The court held that because the prisoner had shown that the court did not have jurisdiction to render the judgment it did render, and because the defect was "patent on the face of the record," habeas corpus would issue to vacate the sentence and to order the prisoner returned to the circuit court for resentencing within the legal limits. Similarly, in this case, the sentence is in excess of that authorized by law, and the error in the sentence is patent.

Thomas is not, however, entitled to relief on the sentences imposed on the five rape counts. Under § 566.030.2 RSMo 1986, the crime of forcible rape is punishable by a term of life imprisonment "or a term of years not less than five years." The rule of *Merriweather* does not apply to those sentences because no error in the sentencing appears on the face of the record. Ninety-nine years is a "term of years not less than five years." While Thomas' sentences, under court *interpretations* of § 566.030.2,[2] may not be authorized, we are not able to reach such issues where the sentencing defect is not so patent

---

1. All sectional references are to Missouri Revised Statutes 1986, unless otherwise indicated.

2. *See, e.g., State v. Williams*, 828 S.W.2d 894 (Mo.App.1992)(holding sentence of 100 years for forcible rape was in excess of statutory maximum); *State v. Charron*, 743 S.W.2d 436

(Mo.App.1987)(stating that maximum sentence for forcible rape is life imprisonment). As an illustration of why the sentencing defect is not patent, but requires analysis, see *State v. Olds*, 831 S.W.2d 713, 721–22 (Mo.App.1992), and compare to *Olds v. State*, 891 S.W.2d 486, 493 (Mo.App.1994).

as to present a jurisdictional issue. This sentencing does not present a jurisdictional issue.

## Conclusion

Thomas is ordered to be returned to the circuit court of the City of St. Louis for resentencing on the three first degree robbery counts within the limits authorized by the law.

SO ORDERED.

All concur.