In re Earl THOMAS, Petitioner,

v.

Mike KEMNA, Superintendent, Crossroads Correctional Center, Respondent.

No. WD 59181.

Missouri Court of Appeals, Western District.

Sept. 25, 2001.

Earl Thomas, Cameron, Missouri, Pro Se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Assistant Attorney General, Jefferson City, Missouri, for Respondent.

Before BRECKENRIDGE, P.J., ELLIS and HOLLIGER, JJ.

BRECKENRIDGE, Presiding Judge.

Earl Thomas filed a petition for writ of habeas corpus in this court for the sole purpose of challenging his sentencing as a class X offender under § 558.019, RSMo 1986.[1] In his petition, Mr. Thomas alleges that the sentencing court exceeded its jurisdiction in sentencing him as a class X offender on five counts of forcible rape, an unclassified felony, since sentence enhancement under § 558.019 applied only to class A and B felonies. Mr. Thomas also alleges that the sentencing court exceeded its jurisdiction in sentencing him as a class X offender on one count of attempted first-degree robbery since, at the time the offense was committed, sentence enhancement under § 558.019 did not apply to

---

1. All statutory references are to the Revised Statutes of Missouri 1986, unless otherwise indicated.

inchoate offenses, including attempt, committed under Chapter 564.

## Factual and Procedural History

On March 31, 1989, Earl Thomas was convicted by a jury of five counts of forcible rape, § 566.030; five counts of kidnapping, § 565.110; four counts of first-degree robbery, § 569.020; and one count of attempted first-degree robbery, §§ 564.011 and 569.020. The trial court sentenced Mr. Thomas as a prior and persistent offender under §§ 558.016 and 557.036.4, and as a class X offender under § 558.019, to consecutive terms of 99 years imprisonment for each of the five counts of rape and three of the four counts of first-degree robbery, and 30 years imprisonment on each of the remaining counts. Mr. Thomas's cumulative sentence was 1,002 years imprisonment. The Eastern District affirmed Mr. Thomas's conviction and the denial of his motion for post-conviction relief in *State v. Thomas*, 830 S.W.2d 546 (Mo.App.1992).

Subsequently, Mr. Thomas filed a petition for writ of habeas corpus with this court in which he alleged that "(1) the sentencing court went beyond its jurisdiction in sentencing him to 99 years for each of the first degree robbery counts because the maximum penalty under § 558.011 for a class A felony is life imprisonment which, for enhancement purposes, is calculated at 50 years; and (2) the sentencing court went beyond its jurisdiction in sentencing him to 99 years for each count of the unclassified felony of rape." *Thomas v. Dormire*, 923 S.W.2d 533, 534 (Mo.App. 1996).

In that case, the attorney general had conceded the merits of Mr. Thomas's first point. *Id.* This court agreed that relief was appropriate and held, relying on *Merriweather v. Grandison*, 904 S.W.2d 485 (Mo.App.1995), that the sentences on the first-degree robbery counts were "in excess of that authorized by law, and the error in the sentence [was] patent." *Thomas*, 923 S.W.2d at 534. This court denied relief on Mr. Thomas's second point, however, stating that the possible punishment for rape imposed by § 566.030.2 was "a term of life imprisonment 'or a term of years not less than five years.'" *Id.* The court noted that the rule in *Merriweather* did not apply to Mr. Thomas's second claim of error since "no error in the sentencing appear[ed] on the face of the record." *Id.* The court also noted that ninety-nine years was "a 'term of years not less than five years.'" *Id.* Although the court recognized that Mr. Thomas's sentence was not consistent with "court *interpretations* of § 566.030.2[,]" the issue was "not so patent as to present a jurisdictional issue." *Id.* at 534–35. As a result of this court's decision, Mr. Thomas's sentence with respect to the three robbery counts was amended to life imprisonment.[2]

On July 19, 2000, Mr. Thomas filed another petition for writ of habeas corpus with the DeKalb County Circuit Court. In that petition, Mr. Thomas claimed that he was improperly sentenced as a class X offender on five counts of forcible rape and one count of attempted robbery in the first degree because the sentences were not authorized by law. Mr. Thomas's petition was denied by the circuit court on September 11, 2000. Following the denial of his

---

**2.** When Mr. Thomas was resentenced to life imprisonment on the three first-degree robbery counts, the sentencing court mistakenly added a finding that Mr. Thomas was a prior sexual offender to its judgment. Mr. Thomas appealed that finding to the Eastern District of this court, which then amended and modified the judgment to remove the prior sexual offender finding. *See Thomas v. State*, 956 S.W.2d 448, 449 (Mo.App.1997).

writ, Mr. Thomas filed a petition for writ of habeas corpus, in which he raises the same issues, with this court.

This court has reviewed Mr. Thomas's petition, Respondent Mike Kemna's suggestions in opposition to Mr. Thomas's petition, and Mr. Thomas's response to the suggestions in opposition. Under the facts and the law of this case, Mr. Thomas is entitled to the relief he seeks. *See State ex rel. Palmer by Palmer v. Goeke,* 8 S.W.3d 193, 194 (Mo.App.1999). In the interest of justice, this court dispenses with further proceedings and issues its opinion. Rule 84.24(j) ("Whenever in the judgment of the court the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interest of justice.").

### Unclassified Rapes Not Eligible for Enhancement Under § 558.019

■ In his petition, Mr. Thomas first alleges that the sentencing court exceeded its jurisdiction in sentencing him as a class X offender under § 558.019 on his convictions for forcible rape in counts I, VII, X, XIII and XVI, since forcible rape is an unclassified felony and sentence enhancement under the version of § 558.019 in effect at the time he committed the crimes applied only to class A and B felonies.

■ The State does not claim that Mr. Thomas was legally sentenced as a class X offender in its response to Mr. Thomas's petition. Instead, the State argues that Mr. Thomas's "parole eligibility claims" are "neither jurisdictional nor suggest a manifest injustice[,]" and thus "habeas corpus review is unavailable." The State is correct that habeas relief is available only when the party "seeks to use the writ 'to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results' if habeas cor-

pus relief is not granted." *Clay v. Dormire,* 37 S.W.3d 214, 217 (Mo. banc 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2000, 149 L.Ed.2d 1003 (2001) (quoting *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993)). Contrary to the State's assertion, however, a claim that the court imposed "a sentence that is in excess of that authorized by law" raises a jurisdictional issue. *Id.* at 218. Therefore, if the sentencing court imposed a sentence upon Mr. Thomas that was not authorized by law, then Mr. Thomas is entitled to habeas relief. *State ex rel. Osowski v. Purkett,* 908 S.W.2d 690, 691 (Mo. banc 1995).

This court need only look to the judgment and §§ 566.030 and 558.019 to see that the class X offender classification is unauthorized with respect to the five forcible rape convictions. *See id.* Section 558.019.2, the sentence enhancement statute, states that "[t]he provisions of this section shall be applicable only to class A and B felonies committed under the following Missouri laws: chapters 195, 491, 565, 566, 567, 568, 569, 570, 571, 573, 575, RSMo." Section 566.030.2 provides that "[f]orcible rape ... is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years[.]" Forcible rape is a class A felony only if serious physical injury is inflicted, a deadly weapon or dangerous instrument is displayed in a threatening manner, or the victim is subjected to sexual intercourse or deviate sexual intercourse with more than one person. Section 566.030.2. It is a class B felony only if the victim is less than 14 years old. Sections 566.030.3 and .4. Since all five of Mr. Thomas's forcible rape convictions were for the unclassified felony, and not the class A or B felony, § 558.019 and the class X offender classification do not apply to Mr. Thomas's forcible rape convictions.

The provisions of § 558.019 in effect at the time that Mr. Thomas committed the forcible rapes did not permit the enhancement of Mr. Thomas's sentences under § 558.019. Prior to his sentencing, the legislature amended subsection 2 of § 558.019 in 1988 to add that the statute applies to "dangerous felonies," which, under § 556.061(8), would include forcible rape. In addition, § 557.021 was amended after Mr. Thomas committed the forcible rapes and before his sentencing. Pursuant to this amendment, the unclassified felony of forcible rape is considered a class A felony for purposes of § 558.019 because the authorized punishment under § 566.030 includes life imprisonment or imprisonment for a term of 20 years or more. Section 557.021.3, RSMo Supp.1988. Under the 1988 amendments to §§ 558.019 and 557.021, Mr. Thomas would qualify as a class X offender for his forcible rape convictions. Application of the 1988 versions of §§ 558.019 and 557.021 would violate the *ex post facto* clauses of the Missouri and United States Constitutions, however, since it would be a retrospective application of amendments adopted after Mr. Thomas committed the crimes and the amendments disadvantage Mr. Thomas because they negatively affect his parole eligibility.[3] *State v. Lawhorn*, 762 S.W.2d 820, 824–25 (Mo. banc 1988). *See also Collins v. State*, 887 S.W.2d 442, 443 (Mo. App.1994); *State v. Hillis*, 748 S.W.2d 694, 697–98 (Mo.App.1988).

The result of Mr. Thomas's erroneous classification as a class X offender is that he is required to serve at least eighty percent of his prison term. Section 558.019. In *Collins*, 887 S.W.2d at 443, this court found that "[p]ostponement of

parole eligibility is inherently a feature of the sentence." Thus, this court held that a sentence delaying the eligibility for parole because of an erroneous classification as a class X offender "is 'in excess of the maximum sentence authorized by law.'" *Id.* Therefore, having improperly classified Mr. Thomas as a class X offender with respect to the forcible rape convictions, thereby postponing his eligibility for parole, the sentencing court exceeded its jurisdiction. *See Clay*, 37 S.W.3d at 218.

Because Mr. Thomas demonstrated that the sentencing court was without jurisdiction to sentence him as a class X offender on the forcible rape convictions in counts I, VII, X, XIII and XVI, and this defect in the judgment is "patent on the face of the record," Mr. Thomas "need show no more to entitle him to relief" on this claim. *Merriweather*, 904 S.W.2d at 489.

### Attempted Robbery Not Eligible For Enhancement Under § 558.019

■ Mr. Thomas next alleges that the sentencing court exceeded its jurisdiction in sentencing him as a class X offender under § 558.019 on his conviction for attempted robbery in count IX, since sentence enhancement under § 558.019 did not apply to Chapter 564, concerning inchoate offenses including attempt, at the time the offense was committed.

Mr. Thomas was convicted as a class X offender of the crime of attempted robbery in the first degree. Mr. Thomas's conviction was based upon the jury's finding that he demanded money from one of his victims while displaying what appeared to be a gun, which was a substantial step toward

**3.** The *ex post facto* clauses of the Missouri and United States Constitutions prohibit a law that is " 'retrospective,' " in that it applies to " 'events occurring before its enactment,' " and it " 'disadvantage[s] the offender affected by it.' " *State v. Lawhorn*, 762 S.W.2d 820, 824 (Mo. banc 1988) (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

forcibly stealing property, and this act was done for the purpose of committing robbery in the first degree. Mr. Thomas's acts would have constituted a class A felony under § 569.020 if the robbery had been completed, but instead was a class B felony under § 564.011 as an attempted robbery. Mr. Thomas argues, therefore, that his crime of attempted robbery in the first degree was committed under § 564.011, and since § 558.019 does not apply to offenses committed under Chapter 564, his class X offender status was erroneous.

In interpreting § 558.019 to determine whether it applies to the crime of attempted robbery in the first degree, this court must ascertain the intent of the legislature by looking to the plain and ordinary meaning of the language used in the statute. *State v. Stottlemyre*, 35 S.W.3d 854, 859 (Mo.App.2001). Where the intent of the legislature cannot be determined by the language used in a statute, this court will consider the statute ambiguous. *Id.* Only when the meaning is ambiguous, or when it leads to an illogical result, may courts look past the plain and ordinary language of the statute. *State v. Goddard*, 34 S.W.3d 436, 438 (Mo.App.2000)

The plain and ordinary language of § 558.019 is that its enhancement provisions apply to class A and B felonies committed under, *inter alia*, Chapter 569. The statute does not provide that it applies to offenses committed under Chapter 564, which would include attempted offenses under § 564.011. An attempted offense is not committed under only § 564.011, however. Section 564.011 sets out the elements of an attempt to commit *any* crime.

It does not set out the elements of robbery in the first degree. The elements of robbery in the first degree are found in § 569.020. Because the definition of attempted robbery in the first degree must incorporate the elements contained in § 569.020, Mr. Thomas's offense of attempted first-degree robbery was committed under both §§ 564.011 and 569.020. Since attempted first-degree robbery is a class B felony, and is an offense committed under both §§ 564.011 and 569.020, whether the legislature intended to include it as an offense subject to the enhancement provisions of § 558.019 is unclear.

Criminal statutes that are unclear or ambiguous are to be construed strictly against the State, "keeping in mind common sense and the evident statutory purpose." *Goddard*, 34 S.W.3d at 438–39. Strictly construing § 558.019 against the State, an attempted offense cannot be defined without reference to § 564.011. Thus, the legislature's failure to include offenses committed under Chapter 564 among the list of offenses to which § 558.019 applies indicates that it did not intend that attempted offenses be subject to the statute's enhancement provisions.[4]

Because Mr. Thomas's conviction for attempted robbery in the first degree was not subject to the enhancement provisions of § 558.019, the sentencing court exceeded its jurisdiction in sentencing him as a class X offender on count IX. This defect, like the erroneous class X offender status on Mr. Thomas's forcible rape convictions, is patent on the face of the record and entitles Mr. Thomas to relief. *Merriweather*, 904 S.W.2d at 489.

---

4. Section 558.019 was amended in 1988, prior to Mr. Thomas's sentencing, to add offenses committed under Chapter 564 as offenses subject to its enhancement provisions. As this court has already discussed, however, application of the 1988 amendment to § 558.019 to Mr. Thomas's sentences would violate the *ex posto facto* clauses of the United States and Missouri Constitutions. *See Lawhorn*, 762 S.W.2d at 824.

## Conclusion

This court finds that Mr. Thomas is entitled to the habeas relief he seeks. Since removal of the erroneous class X offender designation does not require that Mr. Thomas be resentenced, no purpose would be served by remanding this case to the trial court. *See Osowski,* 908 S.W.2d at 691. The judgment of the trial court is modified and amended to remove the designation of Mr. Thomas as a class X offender on his convictions for forcible rape in counts I, VII, X, XIII and XVI and his conviction for attempted robbery in the first degree in count IX. In all other respects, his judgment of conviction remains in full force and effect.

All concur.