

# Missouri Court of Appeals
## Southern District
### en banc

Filed October 15, 2014

IN RE:  JERRELL BROOKS, )
)
      Petitioner, )
)
vs. ) No. SD33306
)
MICHAEL BOWERSOX, Warden, )
South Central Correctional Center, )
)
      Respondent. )

consolidated with

IN RE:  AARON ROBINSON, )
)
      Petitioner, )
)
vs. ) No. SD33155
)
IAN WALLACE, Warden, )
Southeast Correctional Center, )
)
      Respondent. )

ORIGINAL PROCEEDING ON PETITIONS FOR WRITS OF HABEAS CORPUS

*(Before Francis, C.J., Rahmeyer, J., Bates, J., Lynch, J., Burrell, J., Sheffield, J., and Richter, Special Judge)*

<u>WRITS DENIED</u>

      PER CURIAM.  Petitioner Jerrell Brooks and petitioner Aaron Robinson were

sentenced to life without parole for murders committed when they were seventeen years

old. Both petitioned this Court for writs of habeas corpus claiming that ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012), applies retroactively and they must be resentenced with consideration of mitigating facts and circumstances. Because of the similarity of their claims, the cases were consolidated for purposes of oral argument and are hereby consolidated for purposes of opinion. We determine that petitioners' initial sentencings cannot be disturbed because their claims are procedurally barred, and accordingly their petitions are denied.

## **Factual and Procedural Background**

A jury found Brooks guilty of first-degree murder occurring on September 21, 2002, under an accomplice theory, *see* section 565.020.[1] Brooks was a member of a group of four men that decided to kill Curtis Crothers. This group arrived at the home where Crothers was staying and Brooks stood guard by the door while all occupants of the home were killed. Brooks was seventeen years old at the time of the murders. The trial court sentenced Brooks to life without parole. His conviction was affirmed on direct appeal. ***State v. Brooks***, 205 S.W.3d 281 (Mo.App. 2006). His Rule 29.15[2] motion for post-conviction relief was denied on June 25, 2009, and that decision was affirmed. ***Brooks v. State***, 333 S.W.3d 533 (Mo.App. 2011).

---

[1] Brooks does not contend that his status as an accomplice prevents him from being sentenced to life without parole. *See **Miller v. Alabama***, 132 S.Ct. at 2477 ("[T]he question remains open whether the Eighth Amendment prohibits the imposition of life without parole upon a juvenile in [accomplice] circumstances.") (Breyer, J., concurring). Therefore we assume that both petitioners remain eligible for life without parole because "***Miller*** does not hold that a juvenile never can receive this sentence for first-degree murder. It holds only that life without parole may not be imposed unless the sentencer is given an opportunity to consider the individual facts and circumstances that might make such a sentence unjust or disproportionate." ***State v. Hart***, 404 S.W.3d 232, 234-35 (Mo. banc 2013).

[2] Rule references are to Missouri Court Rules (2014).

A jury found Robinson guilty of first-degree murder, *see* section 565.020, occurring on December 16, 2006. Robinson was involved in a fist fight with Karado Peebles. The fighting escalated, Robinson shot Peebles five times, and Peebles died. Robinson was also seventeen at the time this murder was committed and sentenced to life without parole. His conviction was affirmed on direct appeal. ***State v. Robinson***, 330 S.W.3d 867 (Mo.App. 2011). Robinson filed a Rule 29.15 motion for post-conviction relief that remains pending, but the time for filing an amended motion has expired.

Both petitioners were found guilty of first-degree murder under section 565.020, which provides:

> 1. A person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter.
> 2. Murder in the first degree is a class A felony, and *the punishment shall be either death or imprisonment for life without eligibility for probation or parole*, or release except by act of the governor; except that, if a person has not reached his sixteenth birthday at the time of the commission of the crime, the punishment shall be imprisonment for life without eligibility for probation or parole, or release except by act of the governor.

Section 565.020 (emphasis added). This statute makes it clear that a seventeen-year-old offender must be sentenced to "either death or imprisonment for life without eligibility for probation or parole[.]" Section 565.020.2. In 2005, after Brooks' conviction but before Robinson's conviction, the United States Supreme Court held that a seventeen-year-old cannot be sentenced to death because the Eighth Amendment prohibits the death penalty for defendants who commit first-degree murder at age seventeen years or younger. *See* ***Roper v. Simmons***, 543 U.S. 551 (2005). Accordingly, life without parole became the only statutorily authorized punishment under section 565.020 when a juvenile commits first-degree murder. Both petitioners were sentenced to life without parole;

3

Brooks because the sentencing judge chose that rather than death[3] and Robinson because it was the only sentence available.

In 2012, the Supreme Court of the United States held that the Eighth Amendment to the United States Constitution prevented a juvenile from being sentenced to life without parole without consideration of the mitigating facts and circumstances that might make that sentence unjust. *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012). Therefore, a sentencing scheme that provides only death or life without parole violates the Eighth Amendment because it does not permit consideration of the mitigating factors of youth or the nature of their crimes. Both petitioners argue that *Miller* applies retroactively such that their cases must be remanded for resentencing that considers these mitigating factors in the same manner as done in *State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013). The Supreme Court of Missouri applied *Miller* in *Hart*, a case on direct appeal, because the State conceded that *Miller* was applicable. *Hart*, 404 S.W.3d at 235 n.3. In contrast, the State alleges in these cases that the petitioners are procedurally barred from arguing that their sentences are unconstitutional because the argument was not made on direct appeal or in their motions for post-conviction relief.

**Discussion**

"Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Rule 91.01(b). A petition for habeas corpus relief is limited to determining the facial validity of confinement. *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. banc 2002). A writ of habeas corpus may

---

[3] The sentencing judge chose life without parole apparently because "the evidence in this case had [petitioner], at worse [sic], in the role of assisting the murders by way of being a lookout as opposed to carrying through on the actual circumstances of the killings."

not be utilized to raise a procedurally-barred claim, that is, a claim that could have been raised, but was not, on direct appeal or in a post-conviction proceeding. *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000) (citing *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993)). However, a petitioner may be entitled to relief on a claim not raised in a post-conviction motion if the petitioner can assert (1) a claim of actual innocence, (2) a sentencing defect,[4] or (3) procedural default caused by something external to the defense and prejudice from the underlying error that worked to the petitioner's actual and substantial disadvantage. *State ex rel. Koster v. Koffman*, 290 S.W.3d 126, 128-29 (Mo.App. 2009) (citing *Brown v. State*, 66 S.W.3d 721, 731 (Mo. banc 2002)).

### *Actual Innocence*[5]

In order to avoid the effects of procedural default, "the petitioner must show that it is more likely than not that 'no reasonable juror would have found the defendant guilty' beyond a reasonable doubt" or "evidence of innocence coupled with constitutional error at trial." *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 216 (Mo. banc 2001) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). The petitioners contend that under federal law, a challenge to a habeas petitioner's sentence falls within this exception where a "condition of eligibility [for the sentence] had not been met," quoting *Sawyer v. Whitley*, 505 U.S.

---

[4] The parties refer to this exception as a "jurisdictional defect." The term "jurisdiction" is used correctly only in reference to a court's subject matter or personal jurisdiction. *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010). However, it is settled that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus. *Id.*

[5] Petitioners refer to this as the "manifest injustice" exception. This exception has also been characterized as the "miscarriage of justice" exception, *Ferguson v. State*, 325 S.W.3d 400, 409 (Mo.App. 2010), and a "gateway claim of innocence[,]" *State ex rel. Koster v. McElwain*, 340 S.W.3d 221, 228 (Mo.App. 2011). For clarity, we refer to this as the actual innocence standard, not to assert that petitioners would be actually innocent if the exception was met, but rather to best characterize that a habeas challenge appropriately falls within the "actual innocence" exception when a claim of actual innocence is raised.

333, 345 (1992). Based on *Sawyer*, the petitioners would contend that the exception is met in this case because the condition of adulthood has not been met in order for the petitioners to be sentenced to mandatory life without parole.

What *Sawyer* actually held was that a criminal defendant may be "actually innocent of death" where the petitioner can show by clear and convincing evidence that but for constitutional error at his sentencing hearing, no reasonable juror would have found him eligible for the death penalty under the applicable state law. *Sawyer*, 505 U.S. at 336. The *Sawyer* Court expressly stated that it rejected the "petitioner's submission that the showing should extend beyond these elements of the capital sentence to the existence of additional mitigating evidence" because to do so would lower the actual innocence standard to that used in the cause-and-prejudice standard. *Id.* at 345. *See also Schlup*, 513 U.S. at 322 ("Explicitly tying the miscarriage of justice exception to innocence thus accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'") and *Clay*, 37 S.W.3d at 218 ("manifest injustice under the 'actual innocence' standard applies only to the issue of guilt or innocence and is of no avail to claims of error committed during the sentencing process."). Therefore, *Sawyer* is inapplicable outside the context of a death sentence. Because neither petitioner contests the validity of their finding of guilt and neither was sentenced to death, this exception is not met.

### *Sentencing Defect*

Relief by means of a petition for habeas corpus is available where the petitioner can show that the court imposed a sentence in excess of that authorized by law. *Clay*, 37

S.W.3d at 218. When a punishment is reduced or lessened after the time of commission of an offense and while a prosecution is "pending," the accused is entitled to the advantage of the less severe punishment or sentence. *Merriweather v. Grandison*, 904 S.W.2d 485, 486 (Mo.App. 1995). Where a case is no longer pending, the accused is entitled to the lesser sentence only where the sentencing defect is patent. *Thomas v. Dormire*, 923 S.W.2d 533, 533-35 (Mo.App. 1996).

Here, petitioners argue that discretionary life without parole based upon consideration of mitigating circumstances is a lesser sentence than mandatory life without parole and thus their mandatory sentences of life without parole were beyond the authority of the sentencing court. Assuming without deciding this is correct, this sentencing defect, nevertheless, must be patent upon the face of the record because *Miller* was decided after petitioners' cases were no longer pending. A sentencing defect has been held to be patent where the reviewing court need only look to the judgment and the statute to determine that the court lacked authority. *Thomas v. Kemna*, 55 S.W.3d 487, 490 (Mo.App. 2001). In contrast, a defect has been held not to be patent where the statutory authority was not authorized simply by court interpretation. *Thomas*, 923 S.W.2d at 533-35. Here, petitioners' claims are most similar to *Thomas*, in that their claims exist solely by subsequent court interpretation of the Eighth Amendment. No sentencing defect can be shown simply by reviewing the judgment and the statute because the petitioners remain eligible for life without parole. *Hart*, 404 S.W.3d at 234-35. Thus, any alleged sentencing defect is not patent on the face of the record.

### *Cause and Prejudice*

> [T]he petitioner can avoid the procedural default by showing cause for the failure to timely raise the claim at an earlier juncture and prejudice

7

resulting from the error that forms the basis of the claim. The cause of procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. To establish prejudice, the petitioner must show that the error he asserts worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

*Brown v. State*, 66 S.W.3d 721, 726 (Mo. banc 2002) (internal citations and quotations omitted). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). In order to constitute "cause," the omitted constitutional claim must be "so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

Here, petitioners contend that "cause" exists because their claims are "novel" under *Ross* in that there was no basis to argue for resentencing concerning the mitigating factors of youth before *Miller*. "Novel" is given a very limited definition in *Ross*. When the "Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application," that claim will only be so novel such that there is cause for failing to raise the issue: (1) when the Court explicitly overrules its own precedent; (2) when the decision overturns a longstanding and widespread practice to which the Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved; and (3) when a decision disapproves a practice the Court arguably had sanctioned in prior cases. *Ross*, 468 U.S. at 17.

First, petitioners use of *Ross* fails because the Supreme Court has not yet held that *Miller* has retroactive application.[6] Second, none of the three circumstances set forth in

---

[6] The petitioners contend that *Miller* decided the question of its own retroactivity because *Jackson*, which is *Miller's* companion case, was before the Supreme Court on habeas review. This assertion is flawed for

*Ross* apply here. *Miller* did not overrule prior United States Supreme Court precedent. The Supreme Court expressly stated that the *Miller* "decision flows straightforwardly from our precedents: specifically, the principle of *Roper*, *Graham*,[7] and our individualized sentencing cases that youth matters for purposes of meting out the law's most serious punishments." *Miller*, 132 S.Ct. at 2471. Therefore, the first circumstance does not apply.

Regarding the second circumstance, petitioners state, without citation to any authority, that the "majority of courts addressing this issue had rejected it." Although *Ross* does characterize the second circumstance as occurring when a near-unanimous body of lower *court* authority had approved the now unconstitutional practice, the caselaw that *Ross* relied on makes it clear that whether there is a clear break from the past is a function of how widespread the practice in general is. Meaning, statutory authority is relevant as well. The three circumstances set forth in *Ross* were originally articulated in *United States v. Johnson*, 457 U.S. 537, 554 (1982). In *Johnson*, the Court contemplated the retroactivity of a prior case, *Payton v. New York*, 445 U.S. 573, 599 (1980). The Court found that there was no clear break from the past in *Payton* because only twenty-four states had found the practice to be constitutional. *Johnson*, 457 U.S. at 554. Of the jurisdictions in *Payton* where the practice was not accepted, four states had

_____

two reasons. First, *Miller* is silent as to retroactivity and "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Second, because it is not addressed in any manner in *Miller*, it appears that the State of Arkansas did not assert that Jackson was procedurally barred from raising his claim. The State of Arkansas likely chose not to pursue such an argument because the applicable state law would not merit the claim. Indeed, in Arkansas, a void or illegal sentence, as defined by Arkansas state law, is subject to challenge at *any* time. *Thomas v. State*, 79 S.W.3d 347, 354 (Ark. 2002). *See also* *Hobbs v. Gordon*, 434 S.W.3d 364, 369 (Ark. 2014) (holding that, based on *Thomas*, a *Miller* claim is cognizable in habeas even where it was not raised on direct appeal or in a motion for post-conviction relief).

[7] *Graham v. Florida*, 560 U.S. 48 (2010) (holding that a sentence of life imprisonment without parole for a non-homicide juvenile offender violates the Eighth Amendment).

9

prohibited the practice by statute. *Payton*, 445 U.S. at 599. Similarly, the *Miller* court noted that only twenty-nine jurisdictions made life without parole mandatory for juveniles who commit first-degree murder. *Miller*, 132 S.Ct. at 2473. This is not the kind of near-unanimity necessary in order for the petitioners to show that there was no reasonable basis for them to challenge their sentences. Therefore, the second circumstance does not apply.

Finally, mandatory life without parole has not been sanctioned by the Supreme Court of the United States in the past.[8] As stated above, the *Miller* decision was a direct result of prior Supreme Court precedent regarding the procedural rules for sentencing juveniles. Therefore, the third circumstance does not apply. Because the petitioners meet no exception to the procedural bar, their sentences cannot be disturbed.

### Decision

Petitioners' petitions seeking writs of habeas corpus are denied.

---

[8] Petitioners contend that their claim is novel because Missouri had previously found this sentencing scheme to be constitutional in *State v. Andrews*, 329 S.W.3d 369, 377 (Mo. banc 2010). The standard set forth in *Ross* is a function of precedent as determined by the Supreme Court of the United States, not the Supreme Court of Missouri, because the Supreme Court of the United States is the highest authority on matters of federal law. *See Oregon v. Hass*, 420 U.S. 714, 719 (1975).