

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| IN RE ROBERT J. BRANSON, | ) | |
| | ) | |
| Petitioner, | ) | No. SD38312 |
| | ) | |
| v. | ) | **Filed: October 29, 2024** |
| | ) | |
| MICHELE BUCKNER, WARDEN, SOUTH | ) | |
| CENTRAL CORRECTIONAL CENTER, | ) | |
| | ) | |
| Respondent. | ) | |

ORIGINAL PROCEEDING IN HABEAS CORPUS

## **WRIT GRANTED**

### *Introduction*

In 2018, Robert J. Branson pleaded guilty to child molestation in the first degree under section 566.067 and was sentenced to life imprisonment for that crime. At the time of Branson's offense, child molestation in the first degree was a class B felony unless the victim was less than 12 years of age *and* the defendant had a prior conviction of an offense under Chapter 566, inflicted serious physical injury, displayed a deadly weapon or dangerous instrument in a threatening manner, or committed the crime as part of a ritual or ceremony, in which case the offense was a class A felony. § 566.067 RSMo (2006). While the victim in Branson's case was a child under the age of 12, the State never, at any point in the litigation, alleged any fact that would enhance Branson's offense to a class A felony. Nevertheless, Branson pleaded guilty to the crime as a class A

felony and was sentenced to life imprisonment.[1]  Branson now seeks a writ of habeas

corpus, arguing that his life sentence exceeded what was allowed by law because the

State only alleged and Branson only admitted the necessary elements for a class B felony.

The State acknowledges that it is not aware of any evidence that would support

enhancing Branson's offense to a class A felony and that the record does not contain any

allegations of such evidence.  Despite this, the State argues Branson's claim is

procedurally defaulted because Branson failed to raise his claim in his post-conviction

proceedings.

While normally a petitioner's failure to raise a claim in a direct appeal or in a

post-conviction relief motion bars the petitioner from later raising the claim in a petition

for writ of habeas corpus, narrow exceptions exist, including where one receives a greater

sentence than that permitted by law.  ***State ex rel. Osowski v. Purkett***, 908 S.W.2d

690, 691 (Mo. banc 1995).  That exception applies here.  The State, at no point, alleged

any fact that would enhance Branson's offense to a class A felony.  Branson, at no point,

acknowledged committing any act that would enhance Branson's offense to a class A

felony.  The offense Branson was charged with and pleaded guilty to was classified as a

class B felony by statute and the trial court could only sentence Branson within the range

of punishment for a class B sentence.  We grant Branson's petition for a writ of habeas

corpus and vacate the judgment.

---

[1] The record is unclear as to why the State, Branson's plea counsel, and the trial court would allow Branson to be sentenced to a class A felony when only the elements of a class B felony were alleged, but that mistake may be because, by the time of Branson's sentencing, section 566.067 had been amended to make the offense of first-degree child molestation a class A felony so long as the victim was a child less than twelve years of age.  *See* § 566.067(2) RSMo (Cum. Supp. 2017). Counsel for the State, at oral argument, believed the State may have mistakenly relied on the amended version of the statute.

## Background and Procedural History

Branson was charged with several sex crimes, including the "class A felony" of child molestation in the first degree. At the time of Branson's offenses, child molestation in the first degree was a class B felony unless:

> (1) The actor has previously been convicted of an offense under this chapter or in the course thereof the actor inflicts serious physical injury, displays a deadly weapon or deadly instrument in a threatening manner, or the offense is committed as part of a ritual or ceremony, in which case the crime is a class A felony; or
>
> (2) The victim is a child less than twelve years of age and:
>
> (a) The actor has previously been convicted of an offense under this chapter; or
>
> (b) In the course thereof the actor inflicts serious physical injury, displays a deadly weapon or deadly instrument in a threatening manner, or if the offense is committed as part of a ritual or ceremony, in which case, the crime is a class A felony and such person shall serve his or her term of imprisonment without eligibility for probation or parole.

§ 566.067 RSMo (2006). Neither the felony information nor the probable cause statement alleged Branson was a prior offender, inflicted serious physical injury, displayed a weapon or deadly instrument, or committed the offense as part of a ritual or ceremony.

On the day Branson's case was scheduled for trial, the State and Branson entered into a plea agreement whereby the State agreed to drop a number of charges if Branson entered an **Alford**[2] plea to one count of the class A felony of first-degree child molestation with a victim under 12 years of age and two counts of second-degree

---

[2] "Under *North Carolina v. Alford*, 400 U.S. 25, 38-39 (1970), a defendant may enter what is, in effect, a guilty plea, even though the defendant protests that he or she is innocent of the crime charged." **Nguyen v. State**, 184 S.W.3d 149, 152 (Mo. App. W.D. 2006) (internal citations omitted).

statutory rape.[3]  Branson accepted the plea agreement and pleaded guilty to those charges.

At the plea hearing, Branson testified he understood he was pleading guilty to one count of first-degree child molestation with a range of punishment being 10 to 30 years in prison or life in prison.  The State offered the following factual basis for the charges:

> [O]n March 8th, 2011, detectives from the Phelps County Sheriff's Department were called to investigate allegations of child molestation, statutory rape, and statutory sodomy reported by [victim], who was then 11 years old. . . .
>
> A CAC [interview] was conducted and during that the child victim disclosed that she had been molested by her father figure, who is [Branson] . . . and that she had been molested pretty much continuously since she had been five or six years old and that that molestation involved oral sex performed on her by [Branson.]

This factual basis did not allege any fact that would enhance the felony to a class A felony under section 566.067 RSMo (2006).  The trial court accepted Branson's plea as knowing and voluntary and sentenced him to life imprisonment on the class A felony of first-degree child molestation and seven years on each of the two counts of the class C felony of second-degree statutory rape with the sentences running consecutively.

Following sentencing, Branson timely filed motions for post-conviction relief. Branson's amended motion alleged, among other things, Branson was denied his right to due process of law and a fair trial because "[l]ife without the possibility of probation or parole is cruel and unusual punishment as set forth in Section 566.067 RSMo 2016 and as applied to [Branson]."  The motion court denied Branson's amended motion, finding Branson "waived and abandoned" that claim.

Branson appealed the motion court's judgment.  *See **Branson v. State**, 633*

---

[3] The amended information filed pursuant to the plea agreement alleged that the first-degree child molestation occurred on March 4, 2011, and involved a child who was less than 12 years old.

S.W.3d 871 (Mo. App. S.D. 2021).  On appeal, Branson argued his sentence of life imprisonment was in excess of the statutory maximum allowed for the offense at the time Branson was alleged to have committed the offense.  The State, in its brief, conceded there was an insufficient factual basis to sentence Branson to a class A felony under 566.067 RSMo (2006) and "at most" Branson had committed a class B felony, but argued the claim was waived because it was never raised in the amended motion.  This Court affirmed the motion court's judgment because Branson's amended motion never raised the excessive-sentence argument he raised in his appeal and he did not request plain-error review.

Branson then filed a petition for an original writ of habeas corpus in the circuit court, which was denied.  Following that denial, he petitioned this Court for a writ of habeas corpus and requested the cause be remanded for resentencing on the child-molestation count only.

## Standard of Review

Under Rule 91.01(b), "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint."[4]  "Habeas corpus is the last judicial inquiry into the validity of a criminal conviction and serves as a bulwark against convictions that violate fundamental fairness." *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 545 (Mo. banc 2003) (internal quotations and citation omitted).  Our review is "limited to determining the facial validity of confinement, which is based on the record of the proceeding that resulted in the confinement." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 513 (Mo. banc 2010) (internal citations omitted).

## Analysis

Branson argues he is entitled to habeas relief because the State did not allege any

---

[4] All rule references are to Missouri Court Rules (2024).

of the aggravating elements in the amended information and Branson did not admit or stipulate to any fact that would satisfy those elements to make the crime a class A felony. The State argues Branson's claim is procedurally barred because it should have been raised in either a direct appeal or a post-conviction motion.

Generally, the failure to raise a claim in a direct appeal or in a post-conviction relief motion bars the petitioner from later raising the claim in a petition for writ of habeas corpus. *Zinna*, 301 S.W.3d at 516. However, this bar can be overcome by showing a "[sentencing] defect, cause and prejudice, or extraordinary circumstances where manifest injustice would occur without relief."[5] *Williams v. Falkenrath*, 676 S.W.3d 452, 456 (Mo. App. W.D. 2023). Cases in which a person received a sentence greater than that permitted by law traditionally have been analyzed under the sentencing defect exception . *Zinna*, 301 S.W.3d at 517. Such claims may be raised in the first instance by direct criminal appeal, by post-conviction motion, or by habeas petition. *Id.* at 516-17.

Branson has demonstrated both a sentencing defect and extraordinary circumstances where manifest injustice would occur without relief. When a defendant pleads guilty to a charge that does not include a necessary element of a more serious version of the offense, the defendant cannot be sentenced as if he or she committed the more serious offense. *State ex rel. Dutton v. Sevier*, 83 S.W.2d 581, 582-83 (Mo.

---

[5] In the past, courts have referred to sentences that exceed that authorized by law as "jurisdictional defects." *Williams v. Falkenrath*, 676 S.W.3d 452, 456 (Mo. App. W.D. 2023). Technically, claims of sentencing defects do not involve the circuit court's "jurisdiction." *Id.* (citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)). Because these claims are more properly referred to as "sentencing defects" than "jurisdictional defects," we use the term "sentencing defect" to describe a claim that a sentence exceeded that authorized by law. "'Whatever label is applied, however, it is settled that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus,' despite the petitioner's failure to raise the claim in an earlier direct appeal or post-conviction relief proceeding." *Id.* (quoting *Zinna*, 301 S.W.3d at 517).

banc 1935).[6]  A sentencing defect can occur where both the charging document and the trial court erroneously describe an offense to be a higher class of felony than provided by statute.  In ***Osowski***, for example, the defendant pleaded guilty to attempted sodomy, a class C felony, pursuant to a plea agreement.  908 S.W.2d at 690.  The charging document erroneously stated the crime was a class B felony, and the trial court, erroneously relying on that information, sentenced the defendant to the maximum sentence for a class B felony.  ***Id.***  The defendant filed a writ seeking habeas relief, arguing his sentence exceeded that authorized by law.  ***Id.***  Our Supreme Court agreed and granted the writ, even though the defendant failed to raise the claim in a post-conviction motion.  ***Id.***

The reasoning in ***Osowski*** applies here.  While the State certainly called Branson's offense a "class A felony," it did not allege facts constituting a class A felony under section 566.067 RSMo (2006).  It alleged facts that constituted a class B felony.  At no point (not in the charging document, the probable cause statement, or at the plea hearing) did the State allege Branson had previously been convicted of an offense under Chapter 566, that he inflicted serious physical injury or displayed a deadly weapon or dangerous instrument in the course of molesting the victim, or committed the offense as part of a ritual or ceremony, as required under section 566.067 RSMo (2006) to make the offense a class A felony.  In fact, the State has acknowledged that it is unaware of such evidence.  Because Branson was charged with and admitted only to facts that would constitute a class B felony, the trial court exceeded its authority in sentencing Branson to

---

[6] "*Dutton* has been followed or cited with approval throughout the years, and has never been criticized."  ***Merriweather v. Grandison***, 904 S.W.2d 485, 487 (Mo. App. W.D. 1985).

life imprisonment, a term authorized under a class A felony.[7]  Branson has demonstrated extraordinary circumstances where manifest injustice would occur without relief.

## The Relief

Branson does not argue his guilty plea was involuntary or unknowing and does not seek to set it aside.  Instead, he argues the trial court exceeded its authority in sentencing him to a term authorized under a class A felony and the proper remedy is remand for resentencing for a term authorized under a class B felony on the child-molestation count only.  The State argues Branson's remedy is a vacatur of all of Branson's convictions and sentences in this case because these convictions and sentences were rendered in relation to a negotiated plea agreement of the parties.  Because Branson's plea to a class A felony was material to the plea agreement, we agree with the State.

A plea agreement is a binding contract between the State and defendant. ***Cornelius v. State***, 653 S.W.3d 655, 663 (Mo. App. S.D. 2022).  As such, plea agreements "should be the product of fair negotiations and should meet reasonable expectations of both the prosecution and the defendant."  ***Id.*** (quoting ***Roberts v. State***, 276 S.W.3d 833, 836 (Mo. banc 2009)).  Because a plea agreement is a contract, contract principles apply.[8]  *See **id**.* (applying the rules of contract interpretation to a plea agreement).  In this case, the applicable contract principle is rescission.

---

[7] There is no dispute that the charge to which Branson pleaded guilty contained all of the elements for the class B felony of first-degree child molestation.  The range of punishment for a class B felony at the time Branson committed his offense was not less than five and not more than 15 years.  § 558.011 RSMo.  The life sentence Branson received for first-degree child molestation exceeds the maximum permissible punishment.

[8] In applying contract principles, courts should be mindful that this is not simply a commercial exchange:

> [A plea agreement] is an instrument for the enforcement of the criminal law. What is at stake for the defendant is his liberty.  On rescission of the agreement, the prisoner can never be returned to his "original position":  he has served time by reason of his guilty plea and his surrender of basic constitutional rights; the

Missouri's contract law recognizes circumstances where rescission of an agreement or contract is an appropriate remedy. One such instance is material breach of a contract:

> Rescission for breach of contract is available where a material breach of contract has occurred. A material breach for the purpose of justifying rescission is one where the breach relates to a vital provision of the agreement, i.e. one that goes to the very substance or root of the agreement and cannot relate simply to a subordinate or incidental matter. Rescission is an action seeking to restore the status quo to the contracting parties by voiding their contract.

*Patel v. Pate*, 128 S.W.3d 873, 878 (Mo. App. W.D. 2004) (internal citation omitted). Another such instance, arguably applicable here, is mutual mistake: "Rescission . . . may be granted if there is a mutual mistake. A mutual mistake occurs when both parties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain." *Strange v. Robinson*, 564 S.W.3d 345, 347 (Mo. App. S.D. 2018) (internal citations and punctuation omitted). The common theme in these and similar cases is that rescission and return to *status quo ante* is an appropriate remedy only when the breach or mistake was material. *See Greentree Props., Inc. v. Kissee*, 92 S.W.3d 289, 294 (Mo. App. S.D. 2002) ("[A] breach must be material before a court will allow a party to rescind a contract.").

Rescission of the entire agreement is necessary in this case because Branson's plea to a class A felony was material to the agreement and sentencing as a whole. Here, Branson and the State negotiated an agreement where the State agreed to dismiss three unclassified felonies in exchange for Branson pleading guilty to the class A felony of child molestation and two counts of second-degree statutory rape. This was not Branson's

---

time he has spent in prison can never be restored, nor can his cooperation in his punishment. What is at stake for the government is its interest in securing just punishment for violation of the law and its interest that an innocent act not be punished at all.

*United States v. Barron*, 172 F.3d 1153, 1158 (9th Cir. 1999).

first conviction for a sexual offense involving a child. The State saw Branson as a danger to the community and sought to imprison him for the remainder of his life, or at least for a very, very long time, whether that was the result of a trial and finding of guilt or an *Alford* plea. The amended information, to which he pleaded guilty, was filed on the day Branson was scheduled to go to trial, after the parties had reached a plea agreement. Had he proceeded to trial on the State's original information, Branson faced one count of the unclassified felony of attempted first-degree statutory rape of a child under 14 years of age, two counts of the unclassified felony of first-degree statutory sodomy with a person less than 14 years of age, one count of the class C felony of statutory rape, and two counts of the class C felony of second-degree statutory sodomy. All of the unclassified felonies were offenses for which Branson could have been sentenced to life in prison and, in the event he was granted probation or parole, he would have been subject to supervision and electronic monitoring for the duration of his natural life. § § 566.032, 566.062, 559.106 RSMo. It strains credulity to believe the State would have dismissed three unclassified felonies in exchange for a plea to a class B felony with a maximum possible sentence of 15 years.

The Supreme Court of the United States has observed that pleas account for nearly 95% of all criminal convictions, yet they account for only 30% of the habeas petitions filed. ***Padilla v. Kentucky***, 559 U.S. 356, 372 (2010). The consequence of a successful bid for relief serves as a significant limitation:

> Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea. Thus, a different calculus informs whether it is wise to challenge a guilty plea in a habeas proceeding because, ultimately, the challenge may result in a *less favorable* outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential.

***Id.*** at 373. Habeas relief after a guilty plea or *Alford* plea verily embodies the saying, "Be careful what you wish for."

10

## Conclusion

Habeas relief is and should remain rare.  This is one of those rare cases.  Branson was charged with and admitted only to facts that would constitute a class B felony, but was sentenced to life imprisonment, a term authorized under a class A felony.  This was a manifest injustice that warrants habeas relief.  Because Branson's plea to a class A felony was material to the plea agreement as a whole, the proper remedy is to set aside all convictions in Branson's underlying criminal case, as well as the plea agreement on which that judgment is based.

We grant Branson's petition for a writ of habeas corpus.  Branson's judgment of convictions and sentences is vacated.  Branson is remanded to the custody of the Sheriff of Phelps County to await further proceedings on the existing charges or any other charges the State may bring in accordance with law.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS